VAN ZILE et al. v. NORUB MFG. CO.

(District Court, E. D. New York. January 8, 1916.)

1. TRADE-MARKS AND TRADE-NAMES ⬡3—NAMES SUBJECT TO APPROPRIATION —DESCRIPTIVE WORDS.

Such words as "norub" or "nodust" cannot be registered as a trademark, when merely descriptive, and not constituting a fanciful title.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, .Cent. Dig. §§ 4-7; Dec. Dig. ⬡3.]

2. TRADE-MARKS AND TRADE-NAMES ⬡60, 70—UNFAIR COMPETITION—ACTS CONSTITUTING.

Plaintiffs sold a laundry washing aid known as "Norub" under a registered trade-mark consisting of a shield inclosing certain words, the name of the article being outside the shield. Defendant sold a powder used as a germicide and cleanser in sweeping in cans bearing the word "Nodust" and other words inclosed in a shield similar to plaintiffs' shield, the word "Nodust" being made prominent. The shield was with difficulty distinguished from the general lines or rulings upon the design of the can itself. Held that, while there was no infringement of the registered trademark, the association of a shield of the particular shape with the name of defendant's article was unfair competition, and would be enjoined, in view of the fact that both articles were for household use and intended for the same general class of customers.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 73, 74, 81; Dec. Dig. ⬡60, 70.]

In Equity. Suit by Cornelius W. Van Zile and another, copartners doing business as the Van Zile Company, against the Norub Manufacturing Company. Decree for plaintiffs.

---

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Wetmore & Jenner, of New York City (Oscar W. Jeffery, of New York City, of counsel), for plaintiffs.

Otto Munk, of New York City, for defendant.

CHATFIELD, District Judge. This cause of action is based upon the alleged infringement of a registered trade-mark and also an allegation of unfair competition. The defendant uses the word "Nodust" with the word "Lee's" inclosed in a shield and bearing the word "trademark" (although this is not a registered trade-mark) as part of the design and reading matter, on a cylindrical shaped can, containing a green powder. to be used as a germicide and cleanser in sweeping.

The plaintiffs' articles as marketed at present consist of pasteboard boxes bearing the registered trade-mark of a shield inclosing the words:

.  "Guarantees
"VAN'S
"Satisfaction."

The boxes containing an aid in the washing of clothes, bear the word "Norub," while those containing an article to assist in the starching of clothes to be ironed, bear the word "Addit."

[1] The plaintiffs limit their charge of unfair competition to the use of the shield alone, and it is evident that a word of the "Nodust" or "Norub" formation, aside from the fact that such words may be used by the public generally (Van Zile v. Norub Mfg. Co. [1910] no written opinion) could not be registered, as a trade-mark, when merely descriptive and not constituting a fanciful title. John T. Dyer Quarry Co. v. Schuylkill Stone Co. (C. C.) 185 Fed. 557; Florence Mfg. Co. v. J. C. Dowd & Co., 178 Fed. 73, 101 C. C. A. 565; Rice-Stix Dry Goods Co. v. J. A. Scriven Co., 165 Fed. 639, 91 C. C. A. 475.

[2] The defendant includes the word "Nodust" within the shield. The general display of the defendant's shield and the words inclosed make the. "Nodust" prominent, rather than the "Lee's," while in the plaintiffs' articles the word "Norub" is outside of the shield and the trade-mark is confined to the manufacturer's name. Upon the present form of defendant's product the shield is with difficulty distinguished from the general lines or rulings upon the design of the can itself, and it is impossible for the court to hold that the defendant's package, as now placed upon the market, is of itself likely to mislead the public, or that it is an infringement of the registered trade-mark in which the name of the plaintiffs, surrounded by a shield, is featured.

The plaintiffs' trade-mark was registered in the class of laundry starching and chemical laundry washing compounds, while the defendant's word "Nodust," in the shield, is used as a label upon a green powder for sweeping.

It would seem that a registered trade-mark (in the class of laundry starching and chemical laundry washing compounds) could not be properly used as the trade label of a package containing a germicide sweeping powder; yet the court feels that the choice of such words as "Nodust" and "Norub" limits the individuals placing such products

upon the market to a very narrow field. Florence Mfg. Co. v. J. C. Dowd & Co., supra.

Similarity in the words and the general suggestion that such articles are for kitchen or household work make it evident that any one who places such a product upon the market is attempting to sell it for related or analogous purposes and to satisfy the same trade which would purchase other products of the sort. The court thinks, therefore, that general property rights in a line of articles for household use, identified by a shield (and for a part of which the shield has been registered as a trade-mark), does furnish sufficient basis for a decree that, within the same field, no other person should use, as a distinctive feature, any similar device.

The shields in this case are similar. The very fact that the "Nodust" is put inside of the shield, whereas in the plaintiffs' article the word "Norub" is outside of the shield, indicates a purpose on the part of the defendant to have the shield bear some relation to the title placed upon the article.

The case, even though it does not seem to involve infringement of the registered trade-mark, shows sufficient possible and probable injury to direct the defendant not to use a shield of the same design as that of the plaintiff. The possibility of extending the use of the device by the defendant to other articles of the same general class, or the possibility of the use by the plaintiff of the registered trade-mark upon other articles, that would be recognized by the trade as being sold to the same general class of customers, would seem to make it proper for a court of equity to grant relief to the extent of directing the defendant to avoid what comes within the realm of unfair competition, in associating the title of his product with the distinctive device of a shield.

While there can be no decree based upon the registered trade-mark itself, there should be a decree directing the defendant not to associate a shield of this particular shape with his name and the title of the article, as that seems to involve unfair competition.