KASSMAN & KESSNER, Inc., v. ROSENBERG BROS. CO.

(Court of Appeals of District of Columbia. Submitted November 18, 1925. Decided January 4, 1926.)

No. 1789.

1. Trade-marks and trade-names and unfair competition ⊂⇒43—Men's hats and caps and suits and overcoats held ·to possess same descriptive qualities.

Men's hats and caps *held* to possess same descriptive qualities as men's suits and overcoats, as affecting registration of trade-mark, under Trade-Mark Act, § 5 (Comp. St. § 9490).

2. Trade-marks and trade-names and unfair competition ⊂⇒44—Doubt as to whether goods possess same descriptive qualities as other goods resolved against newcomer.

Courts are inclined to resolve doubt as to whether goods possess same descriptive qualities as other goods, as affects registration of trade-mark, against newcomer.

Appeal from the Commissioner of Patents.

Proceeding by Kassman & Kessner, Inc., for registration of a trade-mark, opposed by the Rosenberg Bros. Company. From a decision of the Commissioner of Patents, denying registration, applicant appeals. Affirmed.

Andrew Foulds, Jr., of New York City, for appellant.

C. G. Campbell, of New York City, for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. This is an appeal from a decision of the Commissioner of Patents, sustaining an opposition to the registration of a trade-mark. On January 16, 1923, the appellant applied to the Patent Office for the registration of the trade-mark "Fashion Park" for men's hats and caps, which mark appellant alleged it had theretofore adopted and used. Whereupon the appellee filed an opposition to the registration, based upon three prior registrations of "Fashion Park" as its trade-mark for men's suits and overcoats.

It appears that the opposer adopted the trade-mark "Fashion Park" not later than the year 1915, for men's suits and overcoats; that almost invariably the opposer's goods are sold to stores which handle hats and caps also; and that the opposer has carried on an extensive advertising campaign throughout the entire United States, wherein it has featured the trade-mark "Fashion Park," which accordingly has become of great value to it. It appears that the applicant first adopted the trade-mark "Fashion Park" for hats and caps some time in the year 1922, and is selling its goods under that trade-mark in several of the Eastern states.

The controlling question in the case is whether the goods of the respective parties possess the same descriptive properties. If so, it is conceded that the opposition should be sustained, under section 5, Trade-Mark Act of February 20, 1905 (Comp. St. § 9490). The Examiner of Interferences held that the goods did not possess the same descriptive properties, and accordingly overruled the opposition; but this decision was reversed upon appeal by the Commissioner of Patents, from whose decision in turn this appeal has been taken.

[1] We are of the opinion that the articles in question possess the same descriptive properties. Moreover, it is within common knowledge that such goods are almost always dealt in by the same retail stores, and that if the same trade-mark should be placed upon men's suits and overcoats, and likewise upon hats and caps, all sold over the same counters, it would naturally lead the purchasing public to believe that the goods all came from the same source.

[2] Furthermore, it is a well-established

rule that, where doubt arises upon such a question, the courts incline to resolve the doubt against the newcomer. The reason for this rule is that the field from which a person may select a trade-mark is practically unlimited, and hence there is no excuse for impinging upon or even closely approaching the mark of a business rival. O. & W. Thom Co. v. Dickinson, 46 App. D. C. 306; Lambert Pharmacal Co. v. Mentho-Listine Chemical Co., 47 App. D. C. 197; Waltke & Co. v. Schafer & Co., 263 F. 650, 49 App. D. C. 254.

There is little need for extended discussion in the instant case, since the identical question here presented has been passed upon in an exhaustive opinion by the Circuit Court of Appeals, Third Circuit, in the case of Rosenberg Bros. & Co. v. Elliott, 7 F. (2d) 962, wherein it was held that the trade-mark of the plaintiff (the appellee in this case), to wit, "Fashion Park," for men's suits and overcoats, was infringed by the defendant, using the same mark for hats and caps. The court spoke in part as follows:

"It is common knowledge that men's clothing and men's hats and caps are worn together. According to the evidence in this case, they are ordinarily sold together. They flow through the same channels of trade. Dealers in this country who sell men's suits and overcoats almost universally sell men's hats and caps; and they are advertised together. Moreover, caps are not infrequently made by tailoring establishments to match suits, and they are frequently made by hatters out of remnants from tailoring establishments. We think these articles of wearing apparel, falling within the same classification officially made by the Patent Office for the registration of trade-marks, though different in species, are so related as to constitute 'merchandise of the same descriptive properties' (Collins Co. v. Oliver Ames Co. [C. C.] 18 F. 561; Florence v. Dowd, 178 F. 73, 101 C. C. A. 565; Van Zile v. Norub Mfg. Co. [D. C.] 228 F. 829; National Picture Theatres v. Foundation Film Corporation [C. C. A.] 266 F. 208; Aluminum Cooking Co. v. Sargoy [D. C.] 276 F. 447), and that the complainant's trade-mark, long used to identify the origin and guaranty the quality of its wares, should not be used by the respondent in leading the public to believe that his hats and caps are made by the clothing manufacturer with whose trade-mark it it familiar. We find infringement."

The decision of the Commissioner of Patents is affirmed.