## MOSLER SAFE COMPANY v. ELY-NORRIS SAFE COMPANY.·

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 94. Argued January 7, 1927.—Decided January 17, 1927.

A manufacturer of safes which are equipped with a patented " ex-. plosion chamber " does not make out a case of unfair competition by alleging that a competitor falsely represents his own safes as having " an explosion chamber," when *non constat* that such a chamber is found only in safes covered by the patent or that, but for the misrepresentation, the purchasers affected by them would go to the plaintiff rather than to some other dealer. P. 134.·

7. F. (2d) 603, reversed.

CERTIORARI (268 U. S. 684) to a decree of the Circuit Court of Appeals which reversed a decree of the District Court dismissing the petitioner's bill to enjoin alleged unfair competition by the respondent.

*Mr. Samuel Owen Edmonds* for the petitioner.

*Mr. Lawrence Bristol,* with whom *Mr. F. P. Warfield* and *George S. Schmidt* were on the brief, for the respondent.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is· a bill in ·equity brought by a corporation of New Jersey against a corporation of New York alleging unfair competition. It was treated below as a suit by the only manufacturer ˙of safes containing an explosion chamber for protection against burglars. It seeks an injunction against selling safes with a metal band around ˙the door in the place where the plaintiff put the chamber, or falsely representing that the defendant's safes contain an explosion chamber. The· plaintiff admitted that

the defendant's safes bore the defendant's name and address and that the defendant never gave any customer reason to believe that its safes were of the plaintiff's make. The District Court, following *American Washboard Co.* v. *Saginaw Manufacturing Co.,* 103 Fed. 281, held that representations such as were sought to be enjoined did not give a private cause of action. The Circuit Court of Appeals held that if, as it took it to be alleged, the plaintiff had the monopoly of explosion chambers and the defendant falsely represented that its safes had such chambers, the plaintiff had a good case, and that since the decision above cited the law had grown more liberal in granting relief. It therefore reversed the decree below. 7 F. (2d) 603. In view of the conflict between the Circuit Courts of Appeals a writ of certiorari was granted by this Court. 268 U. S. 684.

At the hearing below all attention seems to have been concentrated on the question passed upon and the forcibly stated reasons that induced this Court of Appeals to differ from that for the Sixth Circuit. But, upon a closer scrutiny of the bill than seems to have been invited before, it does not present that broad and interesting issue. The bill alleges that the plaintiff has a patent for an explosion chamber as described and claimed in said Letters Patent; that it has the exclusive right to make and sell safes containing such an explosion chamber; that no other safes containing such an explosion chamber could be got in the United States before the defendant, as it is alleged, infringed the plaintiff's patent, for which alleged infringement a suit is pending. It then is alleged that the defendant is making and selling safes with a metal band around the door at substantially the same location as the explosion chamber of plaintiff's safes, and has represented to the public that the said metal band was employed to cover or close an explosion chamber by reason of which the public has been led to pur-

chase defendant's said safes as and for safes containing an explosion chamber, such as is manufactured and sold by the plaintiff herein. It is alleged further that sometimes the defendant's safes have no explosion chamber under the band but are bought by those who want safes with a chamber and so the defendant has deprived the plaintiff of sales, competed unfairly and damaged the plaintiff's reputation. The plaintiff relies upon its patent suit for relief in respect of the sales of safes alleged to infringe its rights. It complains here only of false representations as to safes that do not infringe but that are sold as having explosion chambers although in fact they do not.

It is consistent with every allegation in the bill and the defendant in argument asserted it to be a fact, that there are other safes with explosion chambers beside that for which the plaintiff has a patent. The defendant is charged only with representing that its safes had an explosion chamber, which, so far as appears, it had a perfect right to do if the representation was true. If on the other hand the representation was false as it is alleged sometimes to have been, there is nothing to show that customers had they known the facts would have gone to the plaintiff rather than to other competitors in the market, or to lay a foundation for the claim for a loss of sales. The bill is so framed as to seem to invite the decision that was obtained from the Circuit Court of Appeals, but when scrutinized is seen to have so limited its statements as to exclude the right to complain.

*Decree reversed.*