**REYNOLDS INTERNATIONAL PEN CO. v. EVERSHARP, Inc., et al.**

Civil Action No. 739.

District Court, D. Delaware.

July 8, 1946.

Thurman Arnold, of Arnold & Fortas, all of Washington, D. C., Julian H. Levi, Samuel E. Hirsch, Fred Gerlack, and Norman Gerlach, all of Chicago, Ill., and Killoran & Van Brunt, of Wilmington, Del., for plaintiff.

Boykin C. Wright and John Marshall Briley, of Shearman & Sterling & Wright, all of New York City, George B. Christensen, of Winston, Strawn & Shaw, all of Chicago, Ill., and Aaron Finger, of Richards, Layton & Finger, all of Wilmington, Del., for defendants.

LEAHY, District Judge.

Plaintiff[1] seeks declaratory judgment that its product, a fountain pen, does not infringe defendants'[2] patents and, further, alleges defendants are guilty of conspiracy to violate antitrust laws. Injunction[3] and triple damages of $1,000,000 for alleged business loss are sought.

The complaint charges defendants, acting both individually and in a joint conspiracy, attempted to obstruct and prevent a mass distribution, in both domestic and foreign markets, of a ball-pointed pen manufactured and sold by plaintiff. Specifically, the charge is, to effectuate their purpose defendants made false claims concerning the scope and extent of two patents on which they had secured exclusive licenses; and that these patents cover a mechanical device inside the barrel and behind the ball point of the pen. Charged, also, these patents had nothing to do with the principle of a ball-pointed pen and plaintiff does not utilize any part of them in the manufacture of its product. Defendants, nevertheless, according to plaintiff, created an impression in the trade they had patent-control of the ball-pointed pen and could bring infringement suits against anyone selling plaintiff's product; and, as a result of such false representations, retailers either declined to sell plaintiff's product; or, by onerous conditions involving the posting of indemnity agreements, make difficult its sale. The complaint further charged defendants obstructed the sale of plaintiff's pen in foreign markets by using its patent claims as a vehicle to divide world markets for ball-pointed pens, even in countries where patent protection had not been procured. Defendants deny the substantial allegations of the complaint.

The present matter arises on plaintiff's motion to dismiss defendants' counterclaim as insufficient under Rule 12(b) (6), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The counterclaim, asking in turn of plaintiff $1,000,000, charges plaintiff guilty of a scheme to convert the "business" and "demand" built up by defendants by two conventional illegal techniques (1) unfair competition, consisting of palming off, false advertising, disparagement of defendants' products, deceit and falsehood; and (2) trade libel and commercial defamation.

Paraphrasing the particular, the counterclaim alleges plaintiff, knowing full well in May 1945 defendants had made much effort to prepare an expectant market for their high quality ball-pointed pens, which were to be introduced in 1946, misappropriated these markets and pilfered the "good will" created by defendants by passing off on the public a defective ball-point pen with the intent that, after taking advantage of and absorbing the public demand for pen buying, as soon as it made as much money as possible, plaintiff would then abandon its enterprise in the ball-point field, and retire to its corporate estates until another advantage presented itself to take a free-ride on another's product. Plaintiff's strategy, as charged, took the form of false advertising looking to a palm off of its product in simulation of the product which was expected to be offered to the public by defendants, manufacturers said to have a high reputation for making and selling quality pens guaranteed virtually forever. More than that, defendants charge plaintiff's timing in bringing its ball-point pen before the public, plus advertising its product as a new conception of modern science, are all facets of plaintiff's scheme of unfair competition, especially as plaintiff's product was old, defective and inferior to the new and superior product which defendants planned to introduce to the market in 1946, which, it is to be implied, is a really true, new conception of modern science.

Plaintiff's contentions to support its motion to dismiss the counterclaim, simply stated, are, defendants have failed to charge plaintiff's pen was palmed off as defendants' product; at most, the counterclaim charges plaintiff has interfered with some future market for a ball-point pen which defendants hoped to sell to the trade in the future; and, if each of defendants' allegations are true, arguendo, there may be

---

[1] Reynolds International Pen Company.
[2] Eversharp, Inc., and Eberhard Faber Corporation.

[3] For denial of plaintiff's motion for preliminary injunction, see D.C.Del., 63 F.Supp. 423.

a public injury by purchase of The Reynolds Pen, but no private cause of action rests in defendants against plaintiff, as its competitor for these reasons.

1. The nut to crack in defendants' counterclaim is the allegation plaintiff has been guilty of a designed effort to misappropriate a business demand built up by defendants and to palm off on the public a shoddy product which the public would believe to be of the expected high quality of defendants' product—planned to be, at the date of writing has been, brought to the market place in 1946.

2. Reasons exist for denying plaintiff's motion to dismiss the counterclaim. A look at the legal literature shows the law of unfair competition has changed its hue during the past several decades to adjust itself to methods of doing business. Opinions show a contrariety of view as to what, in unfair competition cases, are "the rules of the game," or what constitutes "ethics" and "business morality." These are important questions affecting commerce between merchants and merchants vis-a-vis public purchasers.[4] Such questions obviously may not be resolved until full proofs are brought forward. Armstrong Cork Co. v. Ringwalt Linoleum Works, 3 Cir., 240 F. 1022. Moreover, here, if at trial plaintiff proves certain of the allegations of the complaint, that proof will of necessity negative the cardinal allegations of the counterclaim. Defendant may then be precluded from proffer to support the allegations of the counterclaim. But, the counterclaim states, at this moment, a cause of action on which relief can be granted. "Palming off," for example, is everywhere, and certainly in Delaware, regarded as a ground for relief; and palming off or its derivative is sufficiently suggested in the counterclaim. Plaintiff's argument, defendant has not charged plaintiff has passed off its product as that of defendants or that it has mislead the trade or purchasing public to buy plaintiff's pen as defendants' product or its equivalent, is simply not true and fails to analyze the allegations of the counterclaim. The counterclaim, at the time it was filed, alleged defendant Eversharp, for example, to be the only manufacturer, other than plaintiff, of a ball-pointed pen.[5] In connection with the other matters in the counterclaim, defendants' allegations support the counterclaim as against a motion to strike. Ely Norris Safe Co. v. Mosler Safe Co., 2 Cir., 7 F.2d 603; 273 U.S. 132, 47 S.Ct. 314, 71 L.Ed. 578; Collins Co. v. Oliver Ames & Sons Corporation, C.C., 18 F. 561; Myles-Standish Mfg. Co. v. Champion Spark Plug Co., 8 Cir., 232 F. 961; S. S. Kresge Co. v. Champion Spark Plug Co., 6 Cir., 3 F.2d 415; Mellwood Distilling Co. v. Harper, C.C., 167 F. 389; Saalfield Publishing Co. v. G. & C. Merriam Co., 6 Cir., 238 F. 1. In making its motion to dismiss, plaintiff—we have, here, a compulsory counterclaim—admits the allegations of the counterclaim. Isthmian S. S. Co. v. United States, D.C.Del. 33 F.Supp. 1007. As Judge Clark has suggested, a litigant's pleading is sufficient if, upon any theory, it alleges a claim upon which relief can be granted. Dioguardi v. Durning, 2 Cir., 139 F.2d 774. If it is reasonably conceivable that Eversharp and its co-defendant at trial may establish any cause of action, then its counterclaim may not be dismissed for insufficiency under Rule 12(b) (6). Cf. Continental Collieries v. Shober, 3 Cir., 130 F.2d 631; Berghane v. R. C. A., D.C.Del., 4 F.R.D. 446; Cohen v. United States, 8 Cir., 129 F.2d 733; and Tahir Erk v. Glenn L. Martin Co., 4 Cir., 116 F.2d 865. In this circuit, charges of unfair competition are not dismissed on procedural grounds, unless the situation is obvious. Unfair competition and allied questions are left for final analysis after proofs have been marshalled at final hearing. Armstrong Cork Co. v. Ringwalt Linoleum Works, supra.

3. As suggested, defendants' counterclaim may not be determined until after it has been settled whether plaintiff's charges are sustained, specific charges indicting defendants with violation of antitrust laws,

---

4 Cf. Best Foods, Inc., v. General Mills, D.C., 3 F.R.D. 459; Id., D.C., 3 F.R.D. 275.

5 See, Time, v. XLVII, No. 19, p. 86 et seq., and Consumer Reports, vol. 11, p. 150, for other ball-point pen manufacturers who have entered the field.

patent invalidity and non-infringement. Those issues must be decided first, for the counterclaim in suit cannot be written off until such issues are settled. Masterson v. Brown, 5 Cir., 72 F. 136. This means defendants' counterclaim, at this time should not be dismissed as premature. Plaintiff will be given its day in court to prove the charges of its complaint and that it is entitled to $1,000,000. If sustained, the counterclaim, perhaps, may then fall; otherwise, defendants should be given opportunity to adduce proofs in support of their claim for damages for $1,000,000 against plaintiff. After all proofs are in, it will then be necessary to decide who is entitled to the million dollars.

An order may be submitted denying plaintiff's motion to dismiss the counterclaim.