**JACK DANIEL DISTILLERY, LEM MOTLOW, PROP., INC., Plaintiff-Appellant,**

v.

**HOFFMAN DISTILLING COMPANY, Defendant-Appellee,**

and

**Frank Silverman & Company, Intervener-Appellee.**

**No. 14514.**

United States Court of Appeals Sixth Circuit.

Feb. 3, 1962.

Joe E. Daniels, New York City, Ben H. Morris, Louisville, Ky., Chauncey P. Carter, Washington, D. C., Liddy, Sullivan, Hart, Daniels & Stemple, New York City,

John J. Hooker, Tyree B. Harris, III, Hooker, Keeble, Dodson & Harris, Nashville, Tenn., on the brief, for appellant.

Charles B. Cannon, Chicago, Ill., John K. Skaggs, Jr., James E. Fahey, Skaggs, Hays & Fahey, Louisville, Ky., Max W. Petacque, Chicago, Ill., on the brief, for appellees.

Before CECIL and WEICK, Circuit Judges, and DARR, Senior District Judge.

PER CURIAM.

In the District Court plaintiff sought to enjoin the defendants from imitating its methods of advertising and packaging Jack Daniel's Black Label Whiskey on the grounds of infringement of its trademark and unfair competition. Plaintiff claimed that it had expended large sums of money in advertising certain expressions and packaging of Jack Daniel's products and that they had acquired a secondary meaning identifying them with Jack Daniel's whiskey; that defendants were unfairly competing with plaintiff by intentional use of similar expressions and methods of advertising.

The District Judge heard the evidence and in a well-considered opinion, which he adopted as findings of fact and conclusions of law, dismissed the complaint because of failure of the plaintiff to establish its case. The Court also cancelled plaintiff's trademark on the ground that it had been abandoned for more than two consecutive years without intent to renew its use.

The brand names Jack Daniel and Ezra Brooks and the names of Jack Daniel Distillery and Ezra Brooks Distilling Company appeared prominently on the labels on their respective bottles. Ezra Brooks, however, did adopt or imitate a number of the features employed by Jack Daniel. These were as follows:

1. A square bottle with a black and white wrap-around label.

2. On Jack Daniel's label appeared the words "90 Proof for Character." Ezra Brooks used the expression "90 Proof by Choice."

3. A picture of a small old time distillery on the label.

4. Jack Daniel advertised its whiskey as "Rare Old Sippin' Whiskey" and also used the word "sippin' " in describing the whiskey. Ezra Brooks' label stated "Real Sippin' Whiskey."

5. Jack Daniel used the expression "Charcoal Mellowed Drop by Drop." Ezra Brooks featured on its label "Charcoal Filtered" and in its advertising "Every Sip is Mellowed 'Cause Every Drop is Charcoal Filtered."

6. A small black and white cardboard neckpiece on the bottle extolling the whiskey and the distillery.

7. Jack Daniel advertised that its whiskey was in short supply. Ezra Brooks claimed with respect to its whiskey that "There just ain't enuf to go around."

Despite these similarities, the District Court found from the evidence that no retail dealer or any representative of defendants had ever attempted to sell or pass off Ezra Brooks whiskey for Jack Daniels whiskey. There was no showing that a member of the consuming public was ever confused or misled into buying Ezra Brooks whiskey thinking it was Jack Daniels whiskey. In other words, the proof did not show that these imitated features had a secondary meaning as identifying the source of the whiskey.

■ It was not unlawful for Ezra Brooks to copy unpatented products of Jack Daniel so long as they are properly identified and do not mislead the public into believing that Ezra Brooks' products are those of Jack Daniel. Kellogg Co. v. National Biscuit Co., 305 U.S. 111, 59 S.Ct. 109, 83 L.Ed. 73; Norwich Pharmacal Co. v. Sterling Drug, Inc., 271 F.2d 569 (CA 2); Speedry Products, Inc. v. Dri Mark Products, Inc., 271 F.2d 646 (CA 2); Tas-T-Nut Co. v. Variety Nut & Date Co., 245 F.2d 3 (CA 6); West Point Mfg. Co. v. Detroit Stamping Co., 222 F.2d 581, 591 (CA 6); Hemmeter Cigar Co. v. Congress Cigar Co., Inc., 118 F.2d 64 (CA 6); Upjohn Co. v. William S. Merrell, 269 F. 209 (CA 6).

**608**

The fact that some of the statements made by Ezra Brooks concerning its product were false and untrue does not make out a case of unfair competition in favor of plaintiff. Mosler Safe Co. v. Ely-Morris Safe Co., 273 U.S. 132, 47 S.Ct. 314, 71 L.Ed. 578; American Washboard Co. v. Saginaw Mfg. Co., 103 F. 281 (CA 6).

The findings of fact of the District Judge are supported by substantial evidence and are binding on us. He has applied the correct rules of law.

There was no error in cancelling plaintiff's trademark as the proof established it had been abandoned without intention to renew in the latter part of 1953. 15 U.S.C.A. § 1127.

The judgment of the District Court is affirmed.