■ MERRILL LYNCH, PIERCE, FENNER & SMITH, INCORPORATED, et al., Respondents, v ALLEN ADLER, Appellant. [651 NYS2d 38] —Order and judgment (one paper), Supreme Court, New York County (Jane Solomon, J.), entered February 13, 1996, which granted the petition to the extent of permanently staying the arbitration of respondent's claims for punitive damages and attorneys' fees, and which denied the cross-motion to dismiss the petition, unanimously reversed, on the law, with costs and the petition dismissed.

In its determination that respondent's claims for punitive damages and attorneys' fees were not arbitrable, the IAS Court erred in not following the precedent of *Mastrobuono v Shearson Lehman Hutton* (514 US 52), which interpreted arbitration and choice of law provisions similar to those at issue. As in *Mastrobuono*, the provisions before us, when read together pursuant to basic principles of contract construction, require that the agreement be construed against petitioner, its drafter, and that the claims be allowed to go to arbitration.

The arbitration clause states in relevant part that the respondent agrees to arbitrate "all controversies" concerning the agreement and that such arbitration shall be conducted by one of the brokerage industry organizations (New York Stock Exchange, American Stock Exchange, National Association of Securities Dealers [NASD], etc.) "in accordance with its arbitration rules then in force." The arbitration rules of NASD, the arbitral forum selected, appear to contemplate a broad range of relief, i.e., "damages and other relief" (NASD Code of Arbitration Procedure § 41 [e]) and, in addition, its Rules of Fair Practice rule 21 (f) (4) states "No agreement [between a member and a customer] shall include any condition which * * * limits the ability of a party to file any claim in arbitration or limits the ability of the arbitrator to make any award".

The choice of law clause states in relevant part that "[t]his agreement * * * will be governed by and interpreted under the laws of the State of New York". New York arbitration law prohibits awards of punitive damages in arbitration proceed-

ings (*Garrity v Lyle Stuart, Inc.*, 40 NY2d 354), and pursuant to CPLR 7513, disallows awards of attorneys' fees absent express provision in the arbitration agreement, which did not occur here.

In *Mastrobuono*, a similar choice of law provision was held to be ambiguous, not amounting to "an unequivocal exclusion of punitive damages claims", and was read as requiring that substantive principles of New York law would be applied, but not special rules limiting the authority of arbitrators (*supra,* 514 US, at 60). On the other hand, the Court found that the arbitration clause before it, which also incorporated the NASD rules, implied that a punitive damages award could be contemplated. The resulting ambiguity in the agreement was resolved in favor of arbitration by the application of two basic principles of construction: that an ambiguity in a contract should be construed against the party who drafted it and that an agreement should be read to give effect to all of its provisions and to render them consistent with each other, and by reference to the strong Federal policy favoring arbitration (*supra,* 514 US, at 62-63). This case requires a similar outcome for similar reasons as to both the punitive damages and the attorneys' fees claims.

In light of the views expressed above, we find it unnecessary to address the parties' remaining contentions. Concur—Sullivan, J. P., Milonas, Rubin, Williams and Andrias, JJ.