■ Robert J. Burton, Appellant, v 333 East 53 Tenants Corp., Respondent. [665 NYS2d 264] —Order, Supreme Court, New York County (Joan Lobis, J.), entered on or about May 3, 1996, which denied plaintiff's motion for an order declaring that he has the right to assign and sublet the subject apartment and granted defendant's cross motion for dismissal of the complaint, unanimously modified, on the law, solely to declare that plaintiff is subject to paragraph 15 of the proprietary lease, and otherwise affirmed, without costs.

Given the purpose and effect of the entire contract taken as a whole and the apparent intent of the parties (*see, Meyers & Sons Corp. v Zurich Am. Ins. Group,* 74 NY2d 298, 303), and taking that contract together with the related recognition agreement (*see, Merrill Lynch, Pierce, Fenner & Smith v Adler,* 234 AD2d 139), we find that the right to assign or sublet without defendant's approval applied only to the original tenant-shareholders' lender and to any substitute lender, and only if the lender requested that the original tenant-shareholders' tenancy be terminated. Since plaintiff clearly purported to act as the successor tenant-shareholder, and not as the substituted creditor of the original tenant-shareholders, and since the required request was never made by any lender, the court properly rejected plaintiff's claim. We modify solely to declare the parties' rights, rather than dismiss the complaint (*Lanza v Wagner,* 11 NY2d 317, 334). Concur—Sullivan, J. P., Rosenberger, Williams and Andrias, JJ.