■ Myrtle Taylor, Respondent, v Garnett H. Sullivan, Appellant, et al., Defendants. [613 NYS2d 397] —Judgment, Supreme Court, Kings County (Gabriel Krausman, J.), entered December 27, 1991, which, after a bench trial, *inter alia,* found in favor of plaintiff against defendant Garnett H. Sullivan on the legal malpractice action and found him jointly liable for $52,080 in compensatory damages inclusive of interest, costs and disbursements, unanimously modified, on the law and the facts, to the extent that the matter is remanded for a new trial on the issue of damages, and otherwise affirmed, without costs.

"On a bench trial, the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the

credibility of witnesses." *(Claridge Gardens v Menotti,* 160 AD2d 544, 544-545.) Upon our review of the record, we find that a fair interpretation of the evidence supports the court's findings of legal malpractice liability against defendant Sullivan in his representation of plaintiff in a real estate transaction which resulted in plaintiff's loss of her home *(see, Zarin v Reid & Priest,* 184 AD2d 385, 386-387). Defendant Sullivan either unwittingly allowed or stood silently by while co-defendant James Ogle obtained a deed to plaintiff's property, without any consideration. This allowed Ogle to use said document to perpetuate a fraud on a bank lending institution in connection with a $100,000 loan. But for defendant Sullivan's failure to protect plaintiff client's interest in the turning over of the deed to a corporate entity controlled by Ogle, without consideration, plaintiff would not have lost her interest in the property.

On the issue of damages, we find that the record was inadequate to support an award of the magnitude rendered. A bank appraisal was mentioned, but not included, in the record, and the testimony as to the market value of the property was highly speculative. Also, particularly in view of the prior foreclosure, the value, if any, of plaintiff's interest in the property lost by defendant's acts of malpractice, should be evaluated. The absence of such evidence of that interest requires that we remand for the purpose stated. Concur—Wallach, J. P., Ross, Rubin, Nardelli and Williams, JJ.