■ CHADBOURNE & PARKE, LLP, Respondent, v HGK ASSET MANAGEMENT, INC., et al., Appellants. [743 NYS2d 711] —Judgment, Supreme Court, New York County (Louise Gruner Gans, J.), entered May 11, 2001, which, after a jury trial respecting defendants' counterclaim for legal malpractice, awarded plaintiff law firm the total amount of $570,470.72, unanimously affirmed, without costs.

Allegedly on plaintiff's advice, defendants terminated the employment of a minority shareholder of a close corporation, who brought a successful shareholder oppression proceeding (see, Matter of HGK Asset Mgt., 228 AD2d 246; 238 AD2d 291). When defendants refused to pay plaintiff's bill, the parties, having reached agreement as to the amount owed plaintiff in the event defendants' malpractice claim was rejected, stipulated that the malpractice claim would be the only issue submitted to the jury. The resulting verdict was not against

the weight of the evidence. The trial evidence, fairly interpreted, supports the jury's evident rejection of the defense contentions, that but for the plaintiffs' advice (*see, Taylor v Sullivan*, 205 AD2d 416, 417), defendants would have been spared some loss or expense compensable in damages (*see, Unger v Paul Weiss Rifkind Wharton & Garrison*, 265 AD2d 156, 157). The evidence, including the expert testimony, which the jury was entitled to reject even though it was unopposed (*see, Ares v State of New York*, 176 AD2d 203, *affd* 80 NY2d 959), did not require a finding that, in advising defendants, the lawyers of plaintiff law firm disregarded settled law (*see, Darby & Darby v VSI Intl.*, 95 NY2d 308, 313) and would have permitted the jury to conclude that the advice itself was not the proximate cause of defendants' losses (*see, Sumo Container Sta. v Evans, Orr, Pacelli, Norton & Laffan*, 278 AD2d 169, 171-172). Concur—Nardelli, J.P., Mazzarelli, Sullivan, Rosenberger and Marlow, JJ.