(April 8, 2003)

■ K&S REALTY Co. et al., Respondents, v CITY OF NEW YORK, Appellant, et al., Defendants. [757 NYS2d 545] —Interlocutory judgments (26 papers), Supreme Court, New York County (Alan Marin, J.), entered June 29, 2000, which, after a single, joint jury trial, found for the plaintiffs on the issue of liability, unanimously affirmed, without costs.

In 1990, a 48-inch water main broke at Fifth Avenue between 18th and 19th Streets. Plaintiffs are neighborhood landowners and tenants that allegedly sustained flood damage attributable to the break. Months before the break, the water main had been inspected by a crew that was equipped with, but did not use, ground microphones for detection of leaks by sound. While defendant correctly asserts that the decision not to use ground microphones to inspect the site of the eventual rupture was discretionary and not ministerial (*cf. Boland v*

*State of New York*, 218 AD2d 235, 243 [1996]), it is nonetheless actionable, even in the absence of a special duty running from the City to plaintiffs, since the decision was made by the City in a proprietary, rather than governmental capacity (*see Layer v City of Buffalo*, 274 NY 135, 139 [1937]). Focusing as we must on "the specific act or omission out of which the injury is claimed to have arisen and the capacity in which that act or failure to act occurred" (*Sebastian v State of New York*, 93 NY2d 790, 794 [1999] [internal quotation marks omitted]), the conclusion is inescapable under the facts and circumstances adduced that the particular survey of the area where the rupture occurred was prompted principally by the desire to avoid waste of a commodity, i.e. water, and thus was conducted by the City acting proprietarily as a water vendor rather than in its governmental capacity as a protector of the public health and safety (*cf. County of Nassau v South Farmingdale Water Dist.*, 62 AD2d 380 [1978], *affd* 46 NY2d 794 [1978]).

The evidence, fairly considered (*see e.g., Gaston v Viclo Realty Co.*, 215 AD2d 174 [1995], *lv denied* 87 NY2d 804 [1995], *cert denied* 517 US 1169 [1996]), supports the jury's verdict that the City was negligent in failing to detect a leak in the lower Fifth Avenue main, and that defendant did not shut off the flow of flood water within a reasonable time after the rupture. It was the jury's prerogative to resolve the factual issues as it did; it was not obliged to accept the opinions of defendant's experts (*see Chadbourne & Parke v HGK Asset Mgt.*, 295 AD2d 208 [2002]), especially since those opinions were given by interested witnesses (*see Miller v Discount Factors*, 1 NY2d 275, 283 [1956]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Buckley, P.J., Nardelli, Mazzarelli, Williams and Gonzalez, JJ.