Order, Supreme Court, New York County (Paul Wooten, J.), entered April 7, 2011, which, to the extent appealed from, denied defendants’ motion to dismiss plaintiffs’ legal malpractice cause of action, granted plaintiffs’ motion to sever the third-party complaint, and granted third-party defendant’s motion to dismiss the third-party action, unanimously affirmed, without costs. Order, same court and Justice, entered April 22, 2011, which granted plaintiffs’ motion for summary judgment dismissing defendants’ affirmative defense of statute of limitations, and for summary judgment as to liability on the legal malpractice cause of action, unanimously reversed, without costs, on the law, and the motion denied.
Plaintiffs stated a viable cause of action for legal malpractice based on defendants’ alleged failure to prepare the proper forms in the underlying private placement adoption (see generally P.T. Bank Cent. Asia, N.Y. Branch v ABN AMRO Bank N.V., 301 AD2d 373, 375-376 [1st Dept 2003]). Plaintiffs’ argument that, but for the need to serve the subject birth mother with a notice of adoption due to the allegedly invalid extrajudicial consent prepared by defendants, the birth mother would not have challenged the adoption on the grounds of fraud and duress, as well as an invalid consent, was not speculative (cf. Phillips-Smith Specialty Retail Group II v Parker Chapin Flattau & Klimpl, 265 AD2d 208, 210 [1st Dept 1999], lv denied 94 NY2d 759 [2000]).
Plaintiffs’ motion for summary judgment, however, should have been denied. The court improperly concluded, as a matter of law, that the subject consent agreement (the Agreement for Temporary Custody and Adoption of Infant Under Fourteen) was intended to serve as an extrajudicial consent, in that the court discredited defendants’ assertions to the contrary. Such credibility determinations must be left for the finder of fact (see Narvaez v 2914 Third Ave. Bronx, LLC, 88 AD3d 500, 501 [1st Dept 2011]). Moreover, construing all facts in the light most favorable to the non-movant defendants (see People v Grasso, 50 AD3d 535, 544 [1st Dept 2008]), issues of fact exist as to whether the agreement was intended to be the final consent agreement.
Issues of fact also exist as to whether plaintiffs’ relationship with defendants ended on December 24, 2003, when they voided a check paid to defendants, rendering plaintiffs’ legal malprac *448 tice cause of action, commenced on December 27, 2006, time-barred (see Waggoner v Caruso, 68 AD3d 1, 6 [1st Dept 2009], affd on other grounds 14 NY3d 874 [2010]; see also Aaron v Roemer, Wallens & Mineaux, 272 AD2d 752, 754-755 [3d Dept 2000], lv dismissed 96 NY2d 730 [2001]).
The court properly severed and dismissed the third-party action (see Attie v City of New York, 221 AD2d 274, 274 [1st Dept 1995]). Defendants failed to raise a triable issue of fact as to third-party defendant’s alleged malpractice (see Darby & Darby v VSI Intl. 95 NY2d 308 [2000]; Rosner v Paley, 65 NY2d 736 [1985]). Indeed, the record shows that third-party defendant’s conduct constituted proper strategic legal decision-making. Concur—Tom, J.P., Andrias, Freedman, Román and Gische, JJ. [Prior Case History: 2011 NY Slip Op 30939(U).]