OPINION OF THE COURT
Per Curiam.
Judgment, entered September 26, 2012, affirmed, with $25 costs.
The action arises out of plaintiffs representation of the first-named defendant, a petroleum importer, in connection with an administrative protest of a customs duty assessment imposed on a shipment of gasoline and related chemicals. The jury’s verdict, finding that plaintiff did not commit malpractice in its underlying representation of defendant, was not against the weight of the evidence. The trial evidence, fairly interpreted, supports the jury’s evident rejection of defendant’s contention that but for plaintiffs advice, defendant would have prevailed in the underlying customs protest, one which, the record shows, defendant elected to pursue in the face of plaintiffs frank admonition that it “may prove a tough fight, the outcome of which cannot be predicted with any certainty.” The evidence, including the conflicting expert opinion testimony, permitted the jury to conclude that, in advising defendant, the lawyers of plaintiff law firm did not disregard settled law (see Darby & Darby v VSI Intl., 95 NY2d 308, 313 [2000]) and would have permitted a jury finding that the advice itself was not the proximate cause of defendant’s losses (see Chadbourne & Parke v HGK Asset Mgt., 295 AD2d 208, 209 [2002]). And while defendant posits several alternative courses that plaintiff might have pursued in the underlying administrative protest, it failed to show that the tactical decisions made by the firm did not constitute “proper strategic legal decision-making” (Taylor v Paskoff & Tamber, LLP, 102 AD3d 446, 448 [2013]), or so the jury reasonably could find. Nor was the jury’s consideration of the legal malpractice issue shown to have been compromised in any way by the form *70 of the verdict sheet, particularly when that document is viewed in the context of the charge as a whole (see Plunkett v Emergency Med. Serv. of N.Y. City, 234 AD2d 162, 163 [1996]).
The record discloses no evidentiary error warranting reversal. The out-of-court statements made by defendant’s (now) deceased chief financial officer were admissible under the “speaking agent” exception to the hearsay rule (see Loschiavo v Port Auth. of N.Y. & N.J., 58 NY2d 1040, 1041 [1983]). Further, in light of the voluminous evidence considered by the jury, including over 60 trial exhibits introduced by defendant, any error in the exclusion of the two documents now complained of by defendant would have been harmless (see Ramkison v New York City Hous. Auth., 269 AD2d 256, 256 [2000]).
We note finally that the court properly directed a verdict in favor of plaintiff on its main claim for unpaid legal services, a claim which, as one abandoned by plaintiffs trustee in bankruptcy, revested in plaintiff at the close of the bankruptcy proceeding (see Dynamics Corp. of Am. v Marine Midland Bank-N.Y., 69 NY2d 191, 195-196 [1987]; Culver v Parsons, 7 AD3d 931, 932 [2004]).
Torres, J.E, Shulman and Hunter, Jr., JJ., concur.