■ JULIE RESEARCH LABORATORIES, INC., Respondent-Appellant, v. GENERAL RESISTANCE, INC., Appellant-Respondent.— Order, entered September 22, 1965, unanimously modified, on the law, with $50 costs and disbursements to defendant, to dismiss plaintiff's complaint for failure to state a cause of action; and complaint dismissed, with taxable costs. The complaint, which alleges that plaintiff is a manufacturer and seller of voltage dividers and other electrical and precision instruments, states no cause of action on the basis of the advertisement by the defendant, a competitor, that its primary voltage divider is the "World's Most Accurate Volt-Ratio Divider". Although it is alleged that defendant's advertisement is extensively circulated in the market, including to plaintiff's customers and patrons, the plaintiff presents no cause of action either on the theory of unfair competition or on the theory of wrongful disparagement of plaintiff's product. The complaint fails to show that the plaintiff has sustained any unlawful business injury. The defendant's advertisements, amounting to no more than a claim in general terms of superiority of its product over the products of competitors, constitute mere "puffing" and are not actionable. "Mere general statements of comparison, declaring that the defendant's goods are the best on the market, or are better than the plain-

tiff's, are privileged so long as they contain no specific assertions of unfavorable facts reflecting upon the rival product. The feeling has been that the practice of sellers to make consciously exaggerated claims for their own goods is so well known that purchasers attach little or no importance to such assertions, and they usually can do no serious harm. They are sometimes said to be mere statements of opinion." (Prosser, Torts [3d ed.], p. 949; see, also, *Union Car Advertising Co.* v. *Collier*, 263 N. Y. 386, 398; *Lewyt Corp.* v. *Health-Mor*, 84 F. Supp. 189, 194; *Smith-Victor Corp.* v. *Sylvania Elec. Prods.*, 242 F. Supp. 302, 308.) The plaintiff's claim of a cause of action on the theory of alleged wrongful disparagement of its product is not supportable because there is no proper pleading of special damages. (See Smith, Disparagement of Property, 13 Col. L. Rev. 13 [1913]; Prosser, Torts [3d ed.], p. 949; *Frawley Chem. Corp.* v. *Larson Co.*, 274 App. Div. 643, 644.) There is no showing of an actionable direct injury by reason of the alleged falsity of the defendant's statement that its voltage divider is the "World's Most Accurate". Generally speaking, "in an action for false advertising, a plaintiff does not have standing to sue unless the defendant has palmed off his goods as those of the plaintiff, or unless the plaintiff has a complete monopoly of the goods involved, so that injury can be readily inferred. *American Washboard Co.* v. *Saginaw Mfg. Co.*, 103 F. 281, 50 L. R. A. 609 (6th Cir. 1900), and *Mosler Safe Co.* v. *Ely-Norris Co.*, 273 U. S. 132, 47 S. Ct. 314, 71 L. Ed. 578 (1927). The crux of the reasoning in these two opinions is that, in an open market, it is generally impossible for the plaintiff to prove that a customer, who may have been diverted from the plaintiff and to the defendant by means of false advertising, would have bought the goods of the plaintiff if the advertisements of the defendant had been truthful; in other words, the plaintiff cannot show that he has been damaged." (*Smith-Victor Corp.* v. *Sylvania Elec. Prods., supra,* p. 309.) Concur — Botein, P. J., McNally, Eager and Staley, JJ.