*301 OPINION OF THE COURT
Simons, J.
Plaintiff A. Meyers & Sons Corp. commenced this declaratory judgment action against its insurer, defendant Zurich American Insurance Group, alleging that Meyers has been named defendant in a proceeding before the International Trade Commission (ITC) accusing it of causing an "advertising injury”. It contends that Zurich is obliged to provide it with a defense against the claim. The question on appeal is whether the complaint before the ITC alleged "advertising injury” within the meaning of plaintiff's general comprehensive liability insurance policy thus obligating Zurich to provide Meyers with a defense.
Under the policy Zurich promised to defend any suit against Meyers "seeking damages” on account of "advertising injury” arising out of Meyers’ "advertising activities”. The relevant clauses state:
"The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of * * * advertising injury to which this insurance applies, sustained by any person or organization and arising out of the conduct of the named insured’s business * * * and the Company shall have the right and duty to defend any suit against the insured seeking damages on account of such injury
* * *
" !'Advertising Injury ’ means injury arising out of an offense committed during the policy period occurring in the course of named insured’s advertising activities, if such injury arises out of libel, slander, defamation, violation of right of privacy, piracy, unfair competition or infringement of copyright, title, or slogan” (emphasis added).
On May 7, 1986, Dennison Manufacturing Company filed a complaint with the United States International Trade Commission pursuant to the Tariff Act of 1930 (19 USC § 1337) alleging that several companies, including Meyers, engaged in "unlawful manufacture, importation and sale of patented plastic fasteners” infringing upon Dennison’s patents. With respect to Meyers, Dennison alleged specifically that it ordered and received plastic fasteners from a Meyers price list which were found to have been manufactured by processes protected by one or more of Dennison’s patents. Dennison *302 requested the Commission to immediately investigate the allegations and conduct a hearing on them. The relief sought was an exclusion order banning further importation of the infringing products and directing Meyers to cease and desist selling any infringing products previously imported into the United States.
On June 13, 1986 the ITC served a notice of investigation on Meyers informing it that a complaint had been filed alleging "unfair methods of competition and unfair acts in the importation [and sale] of certain plastic fasteners into the United States”. The notice, described the "Scope of Investigation” as limited to determining whether an unlawful importation or sale of plastic fasteners occurred, thus infringing several Dennison patents. After receiving the notice, Meyers requested Zurich to provide a defense to the proceeding basing its claim on the advertising injury coverage provided in its comprehensive general liability policy. When Zurich refused to do so Meyers commenced this declaratory judgment action and moved for summary judgment. Zurich filed a similar motion seeking a declaration that it had no duty to defend Meyers because the allegations in the Dennison complaint before the ITC arose out of illegal importation and selling of products in violation of certain patents, not out of Meyers’ advertising activities.
Supreme Court granted Zurich summary judgment, declaring that the complaint did not allege false or misleading advertising and, therefore, was not within the scope of the policy. The court held further that Zurich was not obligated to defend Meyers because the ITC proceeding was limited to injunctive relief and did not seek money damages. The Appellate Division affirmed, without opinion, and we granted leave to appeal.
The duty of a liability insurer to defend an action brought against an insured is determined by the allegations in the complaint (see, Servidone Constr. Corp. v Security Ins. Co., 64 NY2d 419, 424). If the facts alleged raise a reasonable possibility that the insured may be held liable for some act or omission covered by the policy, then the insurer must defend (see, Ruder & Finn v Seaboard Sur. Co., 52 NY2d 663, 669-670). If no such possibility is raised, no duty to defend is owed under the policy. Accordingly, upon a motion such as this the court’s duty is to compare the allegations of the complaint to the terms of the policy to determine whether a duty to defend *303 exists (see, Technicon Elecs. Corp. v American Home Assur. Co., 74 NY2d 66, 73). In construing the policy the court must examine "the entire contract to determine its purpose and effect and the apparent intent of the parties” (see, Murray Oil Prods. v Royal Exch. Assur. Co., 21 NY2d 440, 445).
Under the "advertising injury” language of this policy, a claim due to injury from "libel, slander, defamation, violation of right of privacy, piracy, unfair competition or infringement of copyright, title or slogan” must also "aris[e] out of an offense * * * occurring in the course of named insured’s advertising activities.” Thus, to trigger Zurich’s duty to defend, the claimed injury must both arise out of an offense occurring in the course of the insured’s "advertising activities” and constitute one of the enumerated offenses.
Meyers claims that the charge of "unfair competition” in Dennison’s complaint requires Zurich to provide a defense under the "advertising injury” provisions of the policy. However, an examination of Dennison’s 47-page complaint indicates that it alleges injury arising out of thq manufacture, importation and sale in the United States of plastic fasteners which infringe Dennison’s patents. The "Summary of Complaint”, found at the beginning of the pleading, states that it is the "importations” of these goods which constitute the acts of "unfair competition” and give rise to the injury. The body of the complaint alleges harm arising out of the "importation” and "sale” of products which infringed upon patents owned by Dennison, not injury arising out of Meyers’ "advertising activities”. The complaint concludes with a "Prayer for Relief’ focusing on the illegal manufacture and sale of infringing products and seeking an order enjoining these activities without reference to preventing any type of false, misleading or injurious advertising.
Dennison’s complaint was similarly interpreted in ITC’s "Notice of Investigation” summarizing the claim served upon Meyers. It states that Dennison’s complaint "alleges unfair methods of competition and unfair acts in the importation of certain plastic fasteners * * * by reason of alleged manufacture abroad by a process which, if practiced in the United States, would infringe [several United States patents]” (emphasis added). It is clear that the policy, when read in context, does not cover acts of "unfair competition” arising out of the illegal manufacturing, importation and sale of goods in violation of another’s patent rights and that the activity Dennison complains of is not one covered under the policy.
*304 Meyers also contends that the price list it circulated to its customers constituted "advertising activity” and therefore brings the complaint within the policy’s coverage. The price list, which was attached to Dennison’s complaint, merely enumerates the price and size of the various fasteners, however, and makes no false, misleading or deceptive claims that the product is unique. The complaint does not allege harm based upon use of the price list and it appears to have been submitted solely as evidence that Meyers was selling the infringing product, a necessary element of proof in a complaint filed with the ITC under the Tariff Act (see, 19 CFR 210.20 [a] [9] [vii]).
We have considered plaintiff’s remaining contention that Zurich is estopped from disclaiming because of prior unrelated litigation and find it without merit. Having decided that the complaint before the ITC did not constitute a claim for "advertising injury”, we need not rule on the additional contention asserted by defendant that no coverage exists because the proceeding is not one seeking "damages” under the terms of the policy.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Kaye, Alexander, Ti-tone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs.