■ FEDERAL INSURANCE COMPANY, Respondent-Appellant, v TOKIO MARINE & FIRE INSURANCE COMPANY et al., Appellants-Respondents.—Order and partial judgment (one paper) of the Supreme Court, New York County (David Edwards, J.), entered on July 11, 1990, which denied defendant's motion for summary judgment dismissing the complaint, and which granted plaintiff's cross-motion for partial summary judgment and declared that defendant Tokio Marine & Fire Insurance Company had a duty to defend an officer of the defendant Doyle, Dane, Bernbach, Inc. in a related action, unanimously reversed, on the law, and the declaration made that Tokio Marine & Fire Insurance Company has no duty to defend or indemnify in the *Editel* action under its policy, with costs.

This declaratory judgment action involves a dispute between two insurers over their respective duties to defend and to indemnify defendant Doyle, Dane, Bernbach, Inc. (DDB), and its officer Justin Crasto, in a related action alleging, *inter alia,* defamation. The related action captioned *Editel, N. Y. v Liberty Studios,* includes Justin Crasto and DDB as additional defendants on counterclaims.

The plaintiff in the declaratory judgment action, Federal Insurance Company, issued two policies to DDB, a commercial umbrella policy to DDB, and an executive liability indemnification policy. The Federal policy expressly covers claims for defamation related to advertising. The defendant Tokio Marine & Fire Insurance Company issued a comprehensive general liability policy to DDB, which contained an endorsement excluding coverage for defamation claims "in the course of or related to advertising, broadcasting, or telecasting activities."

The counterclaims at issue against the insured's officer

arose in the context of production of television commercials, for which coverage is expressly excluded. The Motion Court denied summary judgment and held that the exclusion provision was ambiguous because DDB is an advertising agency. We disagree.

Liberty's counterclaims involve allegations that Crasto and others involved in the production of the television commercials for Atari, Inc., attempted to interfere with a technical services contract whereby Liberty Studios provided patented "black box" technology. The technology in issue provided a means of showing a televised scene that included a televised video game in operation. Without this technology, the video game shown on a television screen could not be televised clearly. It is alleged that Crasto engaged Editel, and Pope Productions, two subcontractors of Liberty Studios employed in connection with the Atari commercials, to develop a less expensive competing technology. The alleged defamation consists of a letter written by Gene Pope of Pope Productions, dated April 14, 1983, which allegedly defamed Liberty's product and urged Atari to end its relationship with Liberty. The letter was allegedly published to DDB and others.

The IAS Court erred in determining that the exclusion for defamation coverage contained in the Tokio policy was rendered ambiguous by the fact that the insured, DDB, was an advertising agency. There is no ambiguous language in the policy indorsement. Moreover, Federal conceded in its submissions to the Motion Court that the coverage for defamation was limited in the Tokio Comprehensive General Liability policy to DDB's activities which were not related to advertising, broadcasting or telecasting. In our view this clearly falls within the exclusion. (See, Meyers & Sons Corp. v Zurich Am. Ins. Group, 74 NY2d 298, 302 [1989].)

Nor does Federal have a right to recover from defendant Tokio for Federal's expenses in defending DDB against the counterclaims in the underlying Editel action. Federal has a duty to defend Justin Crasto with respect to each counterclaim asserted by Liberty in the Editel action pursuant to Federal's excess policy, which contains a rider eliminating the exclusion against defamation claims relating to advertising. (See, American Fid. & Cas. Co. v Pennsylvania Thresherman & Farmers' Mut. Cas. Ins. Co., 280 F2d 453 [5th Cir 1960]; Schiff Assocs. v Flack, 73 AD2d 329 [1st Dept 1980], affd 51 NY2d 692 [1980].) Concur—Murphy, P. J., Carro, Kupferman, Asch and Rubin, JJ.