OPINION OF THE COURT
 

 Ciparick, J.
 

 The main issue presented by this appeal is whether a New York law firm retained to defend a corporate client in a Florida patent infringement litigation had a duty to advise the client about possible insurance coverage for the costs of the litigation. Under these facts, we conclude that it did not.
 

 Background
 

 Defendant VSI is a Florida corporation that sells nonprescription reading glasses to retail chain stores. In December 1990, defendant Myron Orlinsky, VSI’s Chief Executive Officer, retained plaintiff law firm to represent VSI in two Florida lawsuits alleging patent, trademark and trade dress infringement based on VSI’s design of “hanger tags” used to display reading glasses
 
 (see, Al-Site Corp. v VSI Intl.,
 
 42 USPQ2d [BNA] 1876 [US Dist Ct, SD Fla],
 
 affd in part, revd in part
 
 174 F3d 1308 [Fed Cir]). Over the next two years, defendants incurred substantial unpaid legal expenses. Although defendants paid a portion of those bills, nearly $200,000 in legal fees remained outstanding. After repeated demands for payment, plaintiff moved to withdraw as counsel and was relieved on October 21, 1993. In August 1996, plaintiff commenced the instant action to recover $209,199.33 in unpaid attorneys’ fees, plus interest and incidental costs.
 

 On December 3, 1997, defendants answered the complaint and asserted counterclaims, alleging legal malpractice and breach of fiduciary duty based on plaintiffs failure to advise them of possible coverage for their litigation expenses under their then-existing general liability insurance policy. Defendants noted that, unlike plaintiff, successor counsel successfully secured coverage for their litigation expenses under said policy in 1994.
 
 [1]
 
 However, defendants’ carrier denied coverage for any costs incurred during plaintiffs representation of defendants.
 

 
 *312
 
 Plaintiff subsequently moved for summary judgment against VSI on its cause of action for an account stated, and for dismissal of defendants’ counterclaims for failure to state a cause of action (CPLR 3211 [a] [7]). Defendants opposed the motion and cross-moved to amend their answer to include an additional counterclaim for breach of contract. This time, defendants alleged that, prior to the Florida litigation, plaintiff misadvised them on the potential liability arising from their marketing and use of “hanger tags.”
 

 Supreme Court denied plaintiff’s motions for summary judgment and for dismissal of defendants’ counterclaims, and, upon reargument, granted plaintiff’s motion to dismiss defendants’ newly asserted counterclaim as time-barred. In denying plaintiff’s motion to dismiss, the court concluded that plaintiff’s failure to investigate defendants’ insurance coverage presented an issue of fact as to the scope of plaintiff’s engagement. The court found it “particularly noteworthy that counsel which succeeded the plaintiff promptly pursued the insurance issue to the defendants’ substantial benefit” (178 Misc 2d 113, 118). As for plaintiff’s motion for summary judgment, the court held that defendant Orlinsky’s affidavits indicating that he had disputed the legal bills raised a triable issue of fact as to the existence of an account stated.
 

 The Appellate Division modified by awarding plaintiff summary judgment on its account stated claim and dismissing defendants’ counterclaims for failure to state a cause of action. The Court held that, absent a factual allegation that plaintiff’s representation specifically encompassed advice on insurance coverage, plaintiff owed defendants no duty to inquire into the nature and scope of that coverage. The Appellate Division certified the following question to us: “Was the order of this Court, which modified the orders of the Supreme Court, properly made?” We answer that question in the affirmative.
 

 Analysis
 

 The gravamen of defendants’ legal malpractice claim is that plaintiff had a duty to advise them that their general liability insurance policy might cover Florida litigation costs. Defendants’ claim is based on a then novel theory that patent insurance coverage was available under an “advertising liability” clause in general liability policies
 
 (see, e.g., Intex Plastics Sales Co. v United Natl. Ins. Co.,
 
 18 USPQ2d [BNA] 1567 [US Dist Ct, CD Cal],
 
 revd
 
 23 F3d 254 [9th
 
 Cir]; Aetna Cas. & Sur. Co. v Watercloud Bed Co.,
 
 1988 WL 252578, 1988 US Dist LEXIS
 
 *313
 
 17572 [US Dist Ct, CD Cal, No. SA CV88-200AHS (RWRX)]). Defendants also rely on the actions of successor counsel, who later secured coverage for litigation expenses. Assuming defendants’ allegations to be true, as we must, we conclude that plaintiff here owed defendants no such duty.
 

 To sustain a cause of action for legal malpractice, a party must show that an attorney failed to exercise “the ordinary reasonable skill and knowledge” commonly possessed by a member of the legal profession
 
 (Byrnes v Palmer,
 
 18 App Div 1, 4,
 
 affd
 
 160 NY 699). What constitutes ordinary and reasonable skill and knowledge cannot be fixed with precision, but should be measured at the time of representation
 
 (see,
 
 2 Mallen and Smith, Legal Malpractice § 17.7, at 509 [4th ed];
 
 see also, Rosner v Paley,
 
 65 NY2d 736, 738). If at that time laws and rules are clearly defined, an attorney’s disregard of them is seldom excusable
 
 (see, Von Wallhoffen v Newcombe,
 
 10 Hun 236, 240;
 
 Bernstein v Oppenheim & Co.,
 
 160 AD2d 428, 430;
 
 see also,
 
 2 Mallen and Smith, Legal Malpractice § 17.4, at 502 [4th ed]).
 

 At the time of plaintiff’s representation, neither New York nor Florida recognized the duty of an insurer to defend patent infringement claims under a general liability policy’s advertising injury clause. To the contrary, both States had rejected coverage for similar claims
 
 (see, Meyers & Sons Corp. v Zurich Am. Ins. Group,
 
 74 NY2d 298 [1989];
 
 Jerry Madison Enters. v Grasant Mfg. Co.,
 
 1990 WL 13290, 1990 US Dist LEXIS 1649 [US Dist Ct, SD NY, 1990, 89 Civ 2346 (MBM)];
 
 Lazzara Oil Co. v Columbia Cas. Co.,
 
 683 F Supp 777 [MD Fla 1988],
 
 affd
 
 868 F2d 1274 [11th Cir 1989];
 
 see also,
 
 Gauntlett,
 
 Recent Developments in Insurance Coverage of Intellectual Property Lawsuits,
 
 3 [No. 2] J of Proprietary Rts 2, 7-8 [1991] [acknowledging New York and Florida’s refusal to follow California’s lead in holding insurers liable for an insured’s costs of patent infringement lawsuits]). In
 
 Meyers & Sons Corp. v Zurich Am. Ins. Group (supra),
 
 this Court refused to interpret a policy’s “advertising injury” clause to include liability arising from patent infringement, and limited the scope of the clause to an enumerated offense that occurs in the course of an insured’s “advertising activities” (74 NY2d, at 303). In
 
 Lazzara Oil Co. v Columbia Cas. Co. (supra),
 
 a Florida Federal court similarly refused to read an advertising injury clause to cover antitrust claims against a corporation. The court held that, absent an allegation that the injury arose during an insured’s advertising activities, the insurer had no duty to defend (683 F Supp, at 780-781).
 

 
 *314
 
 Moreover, the theory of such coverage remained largely undeveloped at the time of plaintiffs representation, with only a handful of courts, particularly in California, finding a duty to defend patent infringement claims
 
 (see, e.g., John Deere Ins. Co. v Shamrock Indus.,
 
 696 F Supp 434 [D Minn],
 
 affd
 
 929 F2d 413 [8th Cir];
 
 Intex Plastics Sales Co. v United Natl. Ins. Co.,
 
 18 USPQ2d [BNA] 1567 [US Dist Ct, CD Cal],
 
 supra).
 
 Furthermore, it appears that in 1993, even the insurers did not contemplate the validity of these claims
 
 (see,
 
 Edward Felsenthal,
 
 AIG Will Offer Insurance Policy for Defendants in Patent Cases,
 
 Wall St J, Jan. 7, 1994, at B9). Indeed, it was not until 1998 that carriers began to re-write advertising injury clauses to remove the language that gave rise to the novel theory (1998 CGL Form,
 
 Rough Notes,
 
 1999 WL 14748577). With Florida and New York, the two most relevant States, having rejected coverage, and the theory of coverage being largely unrecognized elsewhere, plaintiff had no duty to advise defendants of possible coverage for patent infringement claims.
 

 Despite the contrary case law, defendants urge us to recognize a duty based on out-of-State cases which have broadly construed an advertising liability clause to encompass patent infringement claims. Many of the cases relied upon, however, post-date plaintiffs representation of defendants, and none specifically address the issue before us.
 
 [2]
 

 Although defendants acknowledge the novel nature of their claim, they maintain that, as a highly specialized patent law firm, plaintiff had a duty to keep abreast of emerging legal trends. We agree that attorneys should familiarize themselves with current legal developments so that they can make informed judgments and effectively counsel their clients
 
 (see,
 
 Code of Professional Responsibility EC 6-2). However, plaintiff in this case should not be held liable for failing to advise defendants about a novel and questionable theory pertaining to their insurance coverage
 
 (see, MCEG Sterling v Phillips
 
 
 *315
 

 Nizer Benjamin Krim & Ballon,
 
 169 Misc 2d 625, 629).
 
 [3]
 
 As one commentator noted, “[a] legal malpractice action is unlikely to succeed when the attorney erred because an issue of law was unsettled or debatable. The perfect vision and wisdom of hindsight is an unreliable test for determining the past existence of legal malpractice” (Mallen,
 
 Recognizing and Defining Legal Malpractice,
 
 30 SC L Rev 203, 210 [1979]). Because plaintiff acted in a manner that was reasonable and consistent with the law as it existed at the time of representation, it had no duty to inform defendants about possible “advertising liability” insurance coverage for their patent infringement litigation expenses.
 

 Defendants’ remaining contentions are without merit. The Appellate Division properly granted plaintiffs motion for summary judgment on its cause of action for an account stated. Defendant Orlinsky’s self-serving, bald allegations of oral protests were insufficient to raise a triable issue of fact as to the existence of an account stated
 
 (see, Zuckerman v City of New York,
 
 49 NY2d 557, 562;
 
 Ruskin, Moscou, Evans & Faltischek v FGH Realty Credit Corp.,
 
 228 AD2d 294, 296). In addition, the courts below properly dismissed as time-barred defendants’ third counterclaim, as it did not relate back to the facts alleged in the original counterclaims
 
 (see,
 
 CPLR 203 [f]).
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
 

 Chief Judge Kaye and Judges Levine, Wesley and Rosenblatt concur; Judge Smith taking no part.
 

 Order affirmed, etc.
 

 [1]
 

 . The record does not contain a copy of the insurance policy.
 

 [2]
 

 .
 
 See, e.g., Larochelle v Cyr,
 
 707 A2d 799 (Me);
 
 Ross v Briggs & Morgan,
 
 520 NW2d 432 (Minn),
 
 revd
 
 540 NW2d 843;
 
 Poof Toy Prods. v United States Fid. & Guar. Co.,
 
 891 F Supp 1228 (ED Mich 1995),
 
 rejected by Advance Watch Co. v Kemper Natl. Ins. Co.,
 
 99 F3d 795 (6th Cir 1996);
 
 First State Ins. Co. v Alpha Delta Phi Fraternity,
 
 39 USPQ2d (BNA) 1905 (Ill App 1995),
 
 appeal denied
 
 165 Ill 2d 549, 662 NE2d 424;
 
 Intex Plastics Sales Co. v United Natl. Ins. Co.,
 
 18 USPQ2d (BNA) 1567 (US Dist Ct, CD Cal 1990),
 
 supra; Aetna Cas. & Sur. Co. v Watercloud Bed Co.,
 
 1988 WL 252578, 1988 US Dist LEXIS 17572 (US Dist Ct, CD Cal 1988, No. SA CV88-200 AHS [RWRX]),
 
 supra.
 

 [3]
 

 . Other jurisdictions have similarly refused to impose liability for an attorney’s failure to anticipate a new proposition of law (see,
 
 e.g., Watkiss & Saperstein v Williams,
 
 931 P2d 840, 846 [Utah];
 
 DeThorne v Bakken,
 
 196 Wis 2d 713, 539 NW2d 695;
 
 Vande Kop v McGill,
 
 528 NW2d 609 [Iowa];
 
 Kaufman v Stephen Cahen, P.A.,
 
 507 So 2d 1152 [Fla App];
 
 Halvorsen v Ferguson,
 
 46 Wash App 708, 735 P2d 675;
 
 Collins v Wanner,
 
 382 P2d 105 [Okla];
 
 Hodges v Carter,
 
 239 NC 517, 80 SE2d 144).