**ELITE BRANDS, INC., Plaintiff–Appellant,**

v.

**PENNSYLVANIA GEN. INS. CO., The Employers' Fire Ins. Co., Gen. Accident Ins. Co., and Commercial Union Ins. Co., Defendants–Appellees,**

**Onebeacon Insurance, Defendant.**

**No. 04–5486–CV.**

United States Court of Appeals, Second Circuit.

Jan. 24, 2006.

Richard E. Carmen (Ira Kleiman, on the brief), Brief Justice Carmen & Kleiman, LLP, New York, NY, for Plaintiff–Appellant.

Katharine E. Tammaro (Mark Robert Vespole, on the brief), Tressler, Soderstrom, Maloney & Priess, Newark, NJ, for Defendants–Appellees.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. DENNIS JACOBS, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Appellant Elite Brands, Inc. ("Elite") appeals from the judgment of the United States District Court for the Southern District of New York (Laura T. Swain, *Judge*) granting defendants-appellees' motion for summary judgment. Elite, a respondent in a patent-infringement proceeding before the International Trade Commission ("ITC") in which Fuji Photo Film Co. ("Fuji") was the complainant, sought insurance coverage from appellees under provisions of insurance policies covering "advertising injury" and "personal injury." Familiarity with the facts and procedural history is assumed. We affirm.

With respect to "advertising injury," New York law requires that "to trigger [an insured's] duty to defend, the claimed injury must both arise out of an offense occurring in the course of the insured's advertising activities and constitute one of the enumerated offenses." *A. Meyers & Sons Corp. v. Zurich Am. Ins. Group*, 74 N.Y.2d 298, 303, 546 N.Y.S.2d 818, 545 N.E.2d 1206 (1989). Fuji's complaints and allegations in the ITC proceeding raised a claim of patent infringement. Such a claim concerns the importation and sale of infringing products, but does not raise allegations about advertising activity. Elite therefore cannot obtain coverage from appellees under the "advertising injury" provision of its policies for the plain reason that Fuji never alleged such injury. *See id.* (finding that "allege[d] injury arising out of the manufacture, importation and sale" of products infringing a patent is "not injury arising out of . . . 'advertising activities'"); *see also EKCO Group, Inc. v. Travelers Indem. Co.*, 273 F.3d 409, 414 (1st Cir.2001) ("[S]urely no one imagines that a policy covering 'advertising injury' was intended to provide coverage for ordinary patent violations.").

Elite argues that certain submissions by Fuji to the ITC, primarily an Elite catalog listing allegedly infringing products, constituted "advertising" within the meaning of the insurance policies. Even if we assume *arguendo* that Elite is correct, Elite has failed to show that the alleged advertising injury applied to an enumerated offense within the meaning of the policies. The policies cover advertising injury only with respect to certain enumerated offenses, and the enumerated offense upon which Elite relies in this instance is "oral or written publication of material that ... disparages a person's or organization's goods, products[,] or services." Under New York law, a claim of disparagement must contain "specific assertions of unfavorable facts reflecting upon the rival product." *Brignoli v. Balch Hardy & Scheinman, Inc.*, 645 F.Supp. 1201, 1209 (S.D.N.Y.1986) (quoting *Julie Research Labs., Inc. v. Gen. Resistance, Inc.*, 25 A.D.2d 634, 268 N.Y.S.2d 187, 188 (N.Y.App.Div.1966)). Elite's catalog does not make such assertions. Elite's "personal injury" claim, which relies on the same enumerated offense, fails for the same reason.

Elite also argues that Fuji complained about the packaging of the allegedly infringing cameras in the ITC proceeding and that complaints about the packaging of a product amount to complaints about the advertising of that product. Elite therefore contends that it can show that the injury alleged by Fuji occurred in the "course of advertising," as required by appellees' policies. We reject this argument. While at some level, "every product displayed ... [may be deemed] an advertisement for itself and its obvious features," defining "advertising" so broadly as to include "any form of 'calling public attention' ... stretch[es] the term ... in a way that has no natural stopping point short of absurd results." *EKCO Group*, 273 F.3d at 413–14, quoted in *Century 21, Inc. v. Diamond State Ins. Co.*, No. 03 Civ. 5163, 2004 WL 1117897, at *4 (S.D.N.Y. May 18, 2004).

We have carefully considered Elite's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**