■ GREAT NORTHERN INSURANCE COMPANY et al., Plaintiffs, v KOBRAND CORPORATION, Appellant, and SAFEGUARD INSURANCE COMPANY et al., Respondents. [837 NYS2d 41]—

Order, Supreme Court, New York County (Charles Edward Ramos, J.), entered July 1, 2005, which, to the extent appealed from, granted the motions by defendant insurers for summary judgment and denied defendant Kobrand Corporation's cross motion for partial summary judgment that the insurers had a duty to defend in the underlying actions, affirmed, with costs.

An insurer's duty to defend arises when the allegations in the underlying complaint state a cause of action that gives rise to a reasonable possibility of recovery under the policy (*Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61 [1991]). Where, as here, the insurer establishes as a matter of law that there is no possible factual or legal basis upon which it might ultimately be obligated to indemnify under any policy provision, the insurer is relieved of such duty (*Allstate Ins. Co. v Zuk*, 78 NY2d 41, 45 [1991]).

The applicable liquor liability provisions in the subject policies provide coverage only for "all damages" from "injury" where the liability arises "by reason of the selling, serving or furnishing of any alcoholic beverage." The ultimate relief sought is an injunction and a disgorgement of profits. A plain reading of the complaint alongside the language of the policy supports the finding of the motion court that the liquor liability provision does not apply to either the coverage afforded to Kobrand or for the relief sought by the plaintiffs.

The paucity of case law,* does not overcome the clear language of the words employed (nor the fact of a premium of only $184 for the liquor liability coverage) to expose this carrier to liability for the mere consumption of an alcoholic product without resultant injury and damages.

Since the underlying complaints seek damages based on alleged unlawful marketing of alcohol to minors, the court properly held that advertising and marketing techniques do not constitute "selling, serving or furnishing" of an alcoholic beverage, and thus there is no duty to defend. Concur—Mazzarelli, J.P., Sweeny and Malone, JJ.

Catterson, J., dissents in a memorandum as follows: Because I believe that issues of fact preclude granting summary judgment to the defendant insurers in this case, I respectfully dissent. Competing dictionary definitions should not serve as a substitute for resolution of this dispute by a finder of fact.

This is an insurance coverage action brought by plaintiffs Great Northern Insurance Company and Federal Insurance Company (collectively hereinafter referred to as Chubb) against defendant-appellant Kobrand Corporation (hereinafter referred to as Kobrand), an alcoholic beverage manufacturer, and Kobrand's coinsurers, Safeguard Insurance Company (hereinafter referred to as Safeguard) and Transcontinental Insurance

---

* *Asgrow Seed Co. v Winterboer* (513 US 179 [1995]), relied upon by the dissent for the similarity between "marketing" and "selling," is at best dicta and in any event is clearly distinguishable from the policy language herein.

Company (hereinafter referred to as Transcontinental). Chubb sought a declaration that it has no obligation under liability insurance policies issued to Kobrand to indemnify or defend Kobrand in connection with six underlying lawsuits in which Kobrand was named as a defendant. Chubb named Safeguard and Transcontinental as necessary parties in the action since both insurers issued insurance policies to Kobrand during the applicable period.

In the underlying actions, plaintiffs, parents of minors, alleged that Kobrand unlawfully marketed alcohol to minors. As an alternative to their claim of intentional wrongdoing, plaintiff parents claimed that defendants were negligent in their marketing practices, which they claim encouraged underage drinking. In addition to injunctive relief and the disgorgement of ill-gotten profits, plaintiffs further sought recovery of their "actual damages" including "funds [which] were used without their consent to purchase, for persons under the legal drinking age, alcoholic beverages marketed by the defendants."*

Kobrand counterclaimed against Chubb and cross-claimed against Safeguard and Transcontinental. Kobrand sought declarations that each of the insurers is obligated under its policies

---

* *Ayman B. Hakki et al. v Zima Company* (No. 03-CV-9183, Sup Ct, D.C., Civ Div), was filed on or about November 14, 2003 and subsequently removed to the U.S. District Court for the District of Columbia. On December 10, 2004, the case was remanded to the Superior Court for the District of Columbia, Civil Division on the grounds of lack of diversity jurisdiction. Kobrand's motion to dismiss was granted on March 28, 2006 in part on the fact that an actual injury was not alleged in the complaint. *Randy Kreft et al. v Zima Beverage Co.* (No. 04-CV-1827, Colo Dist Ct, Jefferson County), was filed on or about December 3, 2004. Kobrand's motion to dismiss was granted on September 16, 2005 in part because there was no allegation in the complaint that the plaintiffs "suffered injury to a cognizable or legally protected interest." *Ronald P. Wilson et al. v Zima Company* (No. 04 CVS 626, NC Gen Ct J, Sup Ct Div, County of Mecklenberg), was filed on or about January 13, 2004 and removed to the U.S. District Court for the Western District of North Carolina on March 29, 2004. Kobrand's motion to dismiss is pending. *Steven E. Eisenberg et al. v Anheuser-Busch* (No. 1:04-CV-1081, U.S. Dist Ct, ND Ohio, E Div), was filed on or about April 30, 2004. A nearly identical action, *Michael Tully v Anheuser-Busch* (No. CV 04 532269), was commenced on or about June 8, 2004 in the Court of Common Pleas for Cuyahoga County, Ohio. Both cases were removed to the U.S. District Court for the Northern District of Ohio, Eastern Division and consolidated. The plaintiff class filed an amended complaint on September 15, 2005. Kobrand's motion to dismiss was granted on February 1, 2006 in part because the plaintiffs "failed to state a legally recognizable injury." *Elizabeth H. Sciocchetti et al. v Advanced Brands & Importing Co.* (Index No. 102205, Sup Ct, Albany County), was filed on February 25, 2005. Kobrand's motion to dismiss was granted on February 16, 2006 on the grounds that plaintiff failed to allege an "injury to a legally protected right caused by defendant's unlawful conduct."

to defend Kobrand in the underlying actions, and if Kobrand has liability, to indemnify Kobrand.

Chubb moved for summary judgment. Safeguard and Transcontinental cross-moved for summary judgment, seeking a declaration that they had no duty to defend or indemnify Kobrand on the grounds that their policies did not provide coverage for the claims in the underlying actions. Safeguard argued that the claims did not involve "bodily injury" as they did not seek to impose liability by reason of the "selling, serving or furnishing" of alcohol. Instead, Safeguard argued, the claims were solely based on the deliberate advertising scheme targeted to minors, and "advertising" is not the same as selling a product.

Kobrand opposed the insurers' motions and cross-moved for partial summary judgment concerning the insurers' duties to defend Kobrand in the underlying actions. Kobrand argued that the parent plaintiffs in the underlying actions alleged, inter alia, that they had suffered injury and that their underage children suffered injury as a result of underage drinking, caused by Kobrand's negligence in marketing its alcoholic beverage products to underage children. Further, Kobrand argued that the underlying actions included allegations that underage drinking causes injuries and illness. They also argued that the marketing practices increased underage drinking and the resulting injuries, which were necessarily part of the "actual damages" for which plaintiffs sued as parents and guardians. Kobrand further contended that the underlying actions were within the liquor liability policy provisions since the allegations that Kobrand "marketed" to underage drinkers sought to impose liability on Kobrand by reason of its "selling" of alcohol. Finally, Kobrand argued that the underlying actions contained allegations of negligence for which damages were sought.

The court granted the motions of the insurers and denied Kobrand's cross motions from the bench. The court ruled that Kobrand made judicial admissions in prior motions that the plaintiffs in those underlying actions did not seek damages for "bodily injury" or "property damage" but instead sought only pecuniary damages or damages for economic loss.

Kobrand moved to reargue, claiming that the court had not properly considered the claims under the liquor liability coverage part. The court granted reargument but affirmed its prior determination. The court further held that the liquor liability coverage part of the policies did not provide coverage, stating that: "The underlying actions implicate Kobrand's advertising and marketing techniques. Allegedly, these techniques caused the damages that plaintiffs suffered. . . . Advertising techniques

do not constitute 'selling, serving or furnishing of any alcoholic beverage.' "

I contend that the motion court erred in determining that, as a matter of law, advertising activities do not constitute selling. (*See Royal Ins. Co. of Am. v Boston Beer Co., Inc.*, 2007 WL 1072166, 2007 US Dist LEXIS 25513 [ND Ohio 2007].) Moreover, the motion court did so without resort to legal analysis or the citation of any case law to support its conclusion. I believe Kobrand raises a genuine issue of material fact which should preclude summary judgment.

On a motion for summary judgment as to the duty to defend, this Court's "duty is to compare the allegations of the complaint to the terms of the policy to determine whether a duty to defend exists." (*A. Meyers & Sons Corp. v Zurich Am. Ins. Group*, 74 NY2d 298, 302-303 [1989].) So long as one claim in the complaint comes within the policy coverage, the insurer has a duty to defend the entire action. (*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 310 [1984].)

Transcontinental and Safeguard's insurance policies each contained a commercial general liability coverage provision which provided coverage for product liability and other lawsuits seeking damages resulting from "bodily injury" or "property damage." The court below properly determined that the actions did not implicate this part of the policies, and Kobrand does not challenge that holding.

However, the policies also contained a liquor liability coverage provision that is at the center of this dispute. The liquor liability coverage under both the Safeguard and Transcontinental policies is for "those sums that the insured becomes legally obligated to pay as damages because of 'injury' . . . if liability for such 'injury' is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage." Injury is defined as "all damages, including damages because of 'bodily injury' and 'property damage,' and *including* damages for care, loss of services or loss of support." (Emphasis added.)

There is no dispute that plaintiff parents in the underlying actions sought to hold Kobrand liable for causing minors to purchase and consume alcoholic beverages. The issue for this Court is whether, by these allegations, plaintiffs sought to hold Kobrand liable by reason of "the *selling* . . . of any alcoholic beverage." (Emphasis added.)

On appeal, Kobrand asserts that both Safeguard and Transcontinental have a duty to defend under the liquor liability coverage part of their policies because the underlying complaints charge Kobrand with causing harm as a result of their manufac-

turing, marketing, selling and distributing their alcoholic products. The insurers claim that what is really being challenged is marketing and advertising of alcoholic beverages, not the selling thereof.

The wording used in the complaints, however, is not so limited. The complaints include the following:

"The clear, direct, and foreseeable effects of defendants' conduct as alleged herein include (a) an increase in the illegal *sales* of defendants' products to underage consumers." (Emphasis added.)

"The purpose and effect of defendants' marketing efforts directed at underage consumers is to: (a) increase defendants' revenues and profits derived from the *sale* of alcoholic beverages." (Emphasis added.)

"Defendants knowingly profit from a billion dollar illegal business of *selling* alcohol to underage persons." (Emphasis added.)

The United States Supreme Court has stated, "effective selling often involves extensive promotional activities"—i.e., advertising and marketing. (*Asgrow Seed Co. v Winterboer*, 513 US 179, 187 [1995].) Giving the terms their ordinary meaning, Kobrand argues that its "advertising" and "marketing" constitute the "selling" of alcoholic beverages. Plaintiff parents in the underlying actions alleged that Kobrand failed "to ensure that [its] marketing efforts do not unreasonably induce or encourage minors to *purchase* [its] products." (Emphasis added.) Kobrand also argues that marketing is, in fact, selling as defined in the Random House Dictionary of the English Language, which defines "marketing" as:

"1. The act of buying or selling in a market.

"2. The total of activities by which transfer of title of possession of goods from seller to buyer is effected, including advertising, shipping, storing and selling."

Indeed, Kobrand argues that, promoting in and of itself as an activity distinct from selling would be a meaningless activity. As a result, Kobrand asserts that the allegations of the underlying actions fall within the express scope of the liquor liability coverage afforded by the insurers.

The insurers counter that the proper inquiry involves an analysis of the actual language used in the liquor liability coverage part, that is a look at the plain meaning of the word "selling." They urge this Court to accept the definitions for selling as they appear in Black's Law Dictionary (8th ed) ("[t]o transfer [property] by sale") and in Merriam-Webster's Collegiate Dictionary

(11th ed) ("to give up [property] to another for something of value [as money]"). "Marketing," by contrast, they argue, is the activity of promoting a particular product prior to sale.

Safeguard additionally cites *Jerry Madison Enters., Inc. v Grasant Mfg. Co., Inc.* (1990 WL 13290, 1990 US Dist LEXIS 1649 [SD NY 1990]) to support the plain definition of "sell" as set forth by the insurers. In *Jerry Madison*, the Federal District Court contrasted the definition of "advertising" (marketing) with "sale" and denied coverage because the plaintiff's claim involved the "sale" of jewelry and not the "advertising" of jewelry. The insurers refute Kobrand's contention that the *Jerry Madison* court specifically did not conclude that "selling includes . . . advertising." Because if that were so, the insurers argue, the alleged "sale" of jewelry would have triggered the "advertising" injury coverage. Instead, they assert that the *Jerry Madison* court clearly considered the two activities to be separate. "Sale" involves the transfer of property for compensation. "Marketing" or "advertising" involves the promotion of a particular product prior to sale.

Nevertheless, *Jerry Madison (supra)* is not controlling precedent and in light of the foregoing paucity of case law, I believe that this is an issue that should be more fully explored by the finder of fact. I therefore believe the granting of summary judgment to insurers should be reversed, and the matter remanded.