21-1955-cv
*Harleysville v. Allstate*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of June, two thousand twenty-two.

Present:

> GERARD E. LYNCH,
> WILLIAM J. NARDINI,
> ALISON J. NATHAN,
> *Circuit Judges*.

---

HARLEYSVILLE PREFERRED INSURANCE COMPANY,

> *Plaintiff-Counter-Defendant-Appellant*,

v.                                                    21-1955-cv

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,

> *Defendant-Cross-Defendant-Appellee*,

SUN DAL KIM, SUN KIM CLEANERS, INC, DBA CLEMENTE CLEANERS,

> *Defendant-Cross-Claimants-Counter-Claimants-Appellees*,

IL WHAN KHO,

> *Defendant-Appellee.*\*

---

\* We direct the Clerk of Court to amend the caption as set forth above.

1

| For Plaintiff-Counter-Defendant-Appellant: | LANCE J. KALIK, Riker, Danzig, Scherer, Hyland & Perretti LLP, Morristown, NJ. |
|---|---|
| For Defendant-Cross-Defendant-Appellee Allstate Property and Casualty Insurance Company: | KAREN M. BERBERICH, Lewis Johs Avallone Aviles, LLP, Islandia, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Philip M. Halpern, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **REVERSED**.

Plaintiff-Counter-Defendant-Appellant Harleysville Preferred Insurance Company ("Harleysville") appeals from the judgment of the district court entered on August 3, 2021, granting summary judgment in favor of Defendant-Cross-Defendant-Appellee Allstate Property and Casualty Insurance Company ("Allstate") and denying reconsideration of that order. Harleysville sought a declaration that it had no duty to defend or indemnify Sun Dal Kim or his dry-cleaning company, Sun Dal Kim Cleaners, Inc. (together, the "Insured"), in an underlying case brought by Il Whan Kho in New York state court. Kho alleged that he was "lawfully about" the premises of the dry cleaners on February 28, 2017, when he "was caused [by the Insured's negligence] to trip and/or slip and fall and sustain serious and permanent injuries." Joint App'x at 227. Harleysville issued the Insured a business owners insurance policy for July 28, 2016, through July 28, 2017. It asserted the underlying incident fell within an exclusion in its policy for "autos," and that Allstate was obligated to defend and indemnify the Insured under a personal auto insurance policy it had issued to Kim. The district court disagreed, holding that the underlying incident fell within Harleysville's policy and outside of Allstate's, therefore denying Harleysville's motion for summary judgment and granting Allstate's cross-motion. Harleysville now appeals. We assume the parties' familiarity with the record.[1]

"We review a district court's grant of summary judgment de novo, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Dish Network Corp. v. Ace Am. Ins. Co.*, 21 F.4th 207, 212 (2d Cir. 2021). "When both parties have moved for summary judgment, the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Id.* (internal quotation marks omitted). "Regardless of whether

---

[1] Counsel for the Insured, who did not meaningfully participate in the case before the district court, has declined to file a brief on appeal.

the motion for summary judgment is made by the insurer or the insured, ambiguities as to coverage are generally construed against the insurer, in accordance with the doctrine of *contra proferentem*." *Id.*

## I. Harleysville's duties to defend and indemnify

Harleysville argues that the district court erred in concluding that it had a duty to defend the Insured because the undisputed facts demonstrate that the underlying incident arises out of the use of an "auto," which is excluded from coverage under the Harleysville policy. We agree. "The duty of a liability insurer to defend an action brought against an insured is determined by the allegations in the complaint. If the facts alleged raise a reasonable possibility that the insured may be held liable for some act or omission covered by the policy, then the insurer must defend." *A. Meyers & Sons Corp. v. Zurich Am. Ins. Grp.*, 74 N.Y.2d 298, 302 (1989) (citation omitted). Still, an "insurer's duty to defend is . . . not an interminable one, and will end if and when it is shown unequivocally that the damages alleged would not be covered by the policy." *Sturges Mfg. Co. v. Utica Mut. Ins. Co.*, 37 N.Y.2d 69, 74 (1975); *see also Allstate Ins. Co. v. Zuk*, 78 N.Y.2d 41, 45 (1991) ("[A]n insurer can be relieved of its duty to defend if it establishes as a matter of law that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision.").

The complaint and bill of particulars in the underlying case are conclusory and offer little insight into the facts that might give rise to the Insured's liability. Discovery in the underlying case, however, has revealed that there is no possibility that Harleysville would be obligated to provide coverage. In his deposition, Kim explained that Kho was injured by a heavy dry-cleaning press that fell off of a trailer attached to (or recently detached from) Kim's personal vehicle. The Harleysville policy excludes coverage for injuries "arising out of the . . . use or entrustment to others of any . . . 'auto.'" Joint App'x at 330. The term "auto" includes a "trailer . . . designed for travel on public roads." *Id.* at 337. In turn, "use" includes "loading or unloading," meaning the "handling of property . . . [w]hile it is being moved from an . . . 'auto' to the place where it is finally delivered." *Id.* at 338. Here, there is no dispute that the dry-cleaning press fell off the trailer either while or shortly after Kim detached it from his vehicle. That neither Kim nor Kho was physically touching the press at the time is of no moment. While the Harleysville policy does not itself define "handling," exceptions to the auto exclusion in the policy itself make clear that "handling" need not require the touch of human hands. J. App'x at 338 (excluding "movement of property by means of a mechanical device . . . that is not attached to the . . . auto" from "loading and unloading," thereby including movement via an attached mechanical device). Given that "unloading" continues until the property is "finally delivered," we conclude that the accident in the underlying case arose out of the "use" of an "auto" as those words are defined in the Harleysville policy, and that Harleysville therefore has no duty to defend or indemnify the Insured.

## II. Allstate's duties to defend and indemnify

Although the complaint and bill of particulars make no mention of any vehicle, an "insurer must provide a defense if it has knowledge of facts which potentially bring the claim within the policy's indemnity coverage" even if those facts are not alleged in the complaint. *Fitzpatrick v.*

*Am. Honda Motor Co.*, 78 N.Y.2d 61, 66 (1991). The district court concluded that Allstate had no duty to defend because "at the time of the accident the insured vehicle and trailer were parked" and "the operation of the auto had ceased." *Harleysville Preferred Ins. Co. v. Allstate Prop. & Cas. Ins. Co.*, No. 18-cv-08306, 2021 WL 1092356, at *7 (S.D.N.Y. Mar. 22, 2021). But the Allstate policy covers the "loading or unloading of an insured auto." Joint App'x at 391. The facts in the record demonstrate that the dry-cleaning press fell while Kim was detaching the trailer, or immediately thereafter. Allstate asserts that the trailer falls outside the policy's definition of "insured auto" because it was detached from the insured vehicle when the accident occurred. Even if the trailer was not itself an "insured auto" under the Allstate policy, though, the underlying accident occurred while the trailer was being unloaded from Kim's personal vehicle, which is indisputably an "insured auto." Accordingly, we conclude that the incident fell within Kim's personal auto insurance policy with Allstate, and Allstate has a duty to defend and to indemnify in the underlying action.

### III. Reimbursement of Harleysville's expenditures

Harleysville's complaint also sought a declaration that Allstate must reimburse Harleysville for the costs it had already incurred in defending the Insured in the underlying action. *See* J. App'x 7-8. The district court denied such relief based on its conclusion that Harleysville was obligated to defend and indemnify the Insured. It follows from our conclusion that the district court's ruling was in error that Allstate must reimburse Harleysville for costs expended thus far in defending the underlying action. *See Valley Forge Ins. Co. v. ACE Am. Ins. Co.*, 74 N.Y.S.3d 596, 598 (2018); *Bovis Lend Lease LMB, Inc. v. Royal Surplus Lines Ins. Co.*, 806 N.Y.S.2d 53, 61 (N.Y. App. Div. 2005).

\* \* \*

We have considered the parties' remaining arguments and find them to be without merit. We therefore **REVERSE** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

4