23-1241-cv
*Tzumi Innovations, LLC v. Twin City Fire Ins. Co.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of March, two thousand twenty-four.

PRESENT:     PIERRE N. LEVAL,
             SARAH A. L. MERRIAM,
             MARIA ARAÚJO KAHN,
                     *Circuit Judges*.

_____

TZUMI INNOVATIONS, LLC,

   *Plaintiff-Appellant*,

        v.                                          No. 23-1241-cv

TWIN CITY FIRE INSURANCE COMPANY,
a Connecticut Corporation,

   *Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:          DAVID A. GAUNTLETT, Gauntlett & Associates, Newport Coast, CA.

FOR DEFENDANT-APPELLEE:    JONATHAN FREIMAN, Wiggin and Dana LLP, New Haven, CT (Katherine E. Tammaro, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, Madison, NJ, *on the brief*).

Appeal from the judgment of the United States District Court for the Southern District of New York (Abrams, J.).

**UPON DUE CONSIDERATION,** it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Tzumi Innovations, LLC ("Tzumi") appeals from the August 11, 2023, judgment entered in the District Court granting defendant-appellee Twin City Fire Insurance Company's ("Twin City") motion to dismiss and denying Tzumi's motion for partial summary judgment. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

During the COVID-19 pandemic, Tzumi began marketing its Wipe Out! Wipes and sprays as suitable for sanitizing surfaces, despite never having registered its products with, or having received approval from, the Environmental Protection Agency to make such claims. On July 12, 2022, Kari Proskin filed a putative consumer class action against Tzumi alleging that Tzumi had made false and misleading claims on the labels of three of its products. See Complaint, Proskin v. Tzumi Innovations LLC, No. 1:22CV05919(JSR) (S.D.N.Y. July 12, 2022).

Tzumi tendered the Proskin action to Twin City seeking a defense and indemnity under a general liability policy that Twin City had issued to Tzumi. Twin City disclaimed coverage. Tzumi filed this action seeking a declaration that Twin City had a duty to defend and indemnify Tzumi in the Proskin action. Tzumi contends that the allegations in the Proskin action are reasonably construed as asserting a claim for disparagement, which falls within the policy's coverage for "[p]ersonal and advertising injury." Joint App'x at 106-07. The policy defines "[p]ersonal and advertising injury" to mean, inter alia, an "injury . . . arising out of . . . [o]ral, written or electronic publication of material that . . . disparages a person's or organization's goods, products or services." Id.

Twin City moved to dismiss the complaint for failure to state a claim, and Tzumi cross-moved for summary judgment on Twin City's duty to defend. On August 11, 2023, the District Court granted the motion to dismiss and rejected Tzumi's theory of coverage. See generally Tzumi Innovations LLC v. Twin City Fire Ins. Co., No. 1:22CV10004(RA), 2023 WL 5183681, at *4 (S.D.N.Y. Aug. 11, 2023). As relevant here, the District Court found that there was "no possible factual or legal basis in the Proskin Complaint for a disparagement claim," and therefore, no basis for coverage under the policy. Id. at *4 (citation and quotation marks omitted).[1] This appeal followed.

---

[1] The District Court also concluded that "even if the Proskin Complaint did allege a 'personal and advertising injury' as defined by the Policy, coverage would still be excluded under" two coverage exclusions. Tzumi Innovations LLC v. Twin City Fire Ins. Co., No. 1:22CV10004(RA), 2023 WL 5183681, at *7 (S.D.N.Y. Aug. 11, 2023). Because we conclude that there is no possible factual or legal basis in the Proskin action for a disparagement claim, we do not reach Tzumi's argument that the District Court erred in concluding that those two exclusions applied.

We have considered Tzumi's arguments as to whether the <u>Proskin</u> action may be reasonably construed to allege a claim of disparagement. We conclude that those arguments are without merit. Substantially for the reasons stated by the District Court in its thorough and well-reasoned memorandum opinion and order, we conclude that "there is no possible factual or legal basis on which" Twin City would be obligated to defend Tzumi under the "personal and advertising injury" provision of the policy. <u>Brooklyn Ctr. for Psychotherapy, Inc. v. Philadelphia Indem. Ins. Co.</u>, 955 F.3d 305, 310 (2d Cir. 2020) (citation and quotation marks omitted). The promotions identified in the <u>Proskin</u> action, which formed the basis of that complaint, did not include any assertions that reflected on competitor products and thus cannot support a claim of disparagement. <u>See</u> <u>Elite Brands, Inc. v. Pa. Gen. Ins. Co.</u>, 164 F. App'x 60, 62 (2d Cir. 2006) (summary order).

Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4