Tishman Tech. Corp. v Travelers Indem. Co. of Am. (2018 NY Slip Op 03471)





Tishman Tech. Corp. v Travelers Indem. Co. of Am.


2018 NY Slip Op 03471


Decided on May 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2018

Sweeny, J.P., Manzanet-Daniels, Mazzarelli, Oing, Moulton, JJ.


155013/15 5947A 5947

[*1] Tishman Technologies Corporation, Plaintiff, BPAC Mechanical Corp., also known as The BPAC Group Inc., Plaintiff-Respondent,
v
Travelers Indemnity Company of America, Defendant-Appellant, Adria Infrastructure LLC Tertiary, Inc., Defendant.


Lazare Potter Giacovas & Moyle LLP, New York (Andrew M. Premisler of counsel), for appellant.
Cornell Grace, P.C., New York (Laura Moletta of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered January 23, 2013, which, to the extent appealed from as limited by the briefs, granted plaintiff BPAC Mechanical Corp.'s motion for summary judgment declaring that defendant Travelers Indemnity Company of America is obligated to defend it in the underlying action, and so declared, and denied Travelers's cross motion for summary judgment declaring that it has no duty to defend or indemnify BPAC in the underlying action, unanimously reversed, on the law, the motion denied, the cross motion granted, and it is declared that Travelers has no duty to defend or indemnify BPAC in the underlying action. The Clerk is directed to enter judgment accordingly. Appeal from order, same court and Justice, entered May 4, 2017, which denied Travelers' motion to reargue, unanimously dismissed, without costs.
The complaint in the underlying action alleges that certain water damage occurred "as a direct and proximate result of the negligence of [BPAC], including its failure to adequately perform all plumbing and mechanical work ...; in failing to supervise and oversee all plumbing work performed by its sub-contractors ...; in failing to hire competent and experienced sub-contractors ...; and in failing to provide reasonable protection to prevent damage, injury or loss to [the] Plaintiff's property." The complaint also alleges a separate independent negligence claim against Adria Infrastructure LLC (Adria), BPAC's subcontractor.
The commercial general liability insurance policy issued by Travelers to Adria defines an additional insured as follows: "[t]he person or organization [required to be included as an additional insured, i.e., BPAC] does not qualify as an additional insured with respect to the independent acts or omissions of such person or organization. The person or organization is only an additional insured with respect to liability caused by your [Adria] work' for that additional insured." BPAC does not qualify as an additional insured because its potential liability in the underlying action is for its own independent acts or omissions (see Fireman's Fund Ins. Co. v Travelers Cas. Ins. Co. of Am., 2017 NY Slip Op 31068[U] [Sup Ct, NY County 2017]). In addition, BPAC does not qualify as an additional insured merely by virtue of the fact that there is a separate and independent negligence claim asserted against Adria even if Adria is ultimately found solely liable. BPAC would be an additional insured only if it were vicariously liable for [*2]Adria's negligence (id. ), a claim that is not asserted in the underlying complaint (see A. Meyers & Sons Corp. v Zurich Am. Ins. Group, 74 NY2d 298 [1989]). Under these circumstances, BPAC is not an additional insured.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 15, 2018
CLERK